**Ann Marie ROCKER, Appellant,**

v.

**Edward F. HUNTINGTON, Individually and as District Superintendent of Schools of the Sole Supervisory School District of Washington, Warren, Hamilton and Essex Counties, State of New York, et al., Appellees.**

**No. 448, Docket 76–7334.**

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1977.

Decided Feb. 24, 1977.

Rocco A. Solimando, Albany, N. Y. (Bernard F. Ashe and Gerard John DeWolf, Albany, N. Y., of counsel), for appellant.

H. Wayne Judge, Glens Falls, N. Y. (Caffry, Pontiff, Stewart, Rhodes & Judge and Mark A. Lebowitz, Glens Falls, N. Y., of counsel), for appellees.

Before FEINBERG, OAKES and GURFEIN, Circuit Judges.

PER CURIAM:

Plaintiff, Ann Marie Rocker, was a probationary second-grade teacher at the Granville Central School District from the period from September 1970 through June 1973. She was denied tenure and dismissed by the Board of Education. She sued Edward F. Huntington, individually and as Superintendent of Schools, as well as other school district officials and members of the Board of Education, charging a violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is based on 28 U.S.C. § 1343(3) and (4).

Appellant alleged that her dismissal and the denial of tenure were in retaliation for her exercise of her First Amendment right of freedom of speech and in violation of her Fourteenth Amendment right to due process of law. The case was tried by Chief Judge James T. Foley in the Northern District of New York, without a jury. The judge made extensive findings of fact and conclusions of law and granted the defendant's motion to dismiss the complaint and entered judgment for the defendants.

Under Rule 52(a) of the Federal Rules of Civil Procedure we may not set aside the findings of fact unless they are "clearly erroneous." The essence of her complaint was that certain public expressions made by the plaintiff, and some falsely attributed to her, at public meetings of the Board of Education were the cause of her termination as a teacher. She also complained that she was denied a hearing with full rights of due process before the decision was made. She sought reinstatement with back pay and the expunging of all records related to her termination.

Judge Foley found, after trial, that since the plaintiff had only probationary status, the Board was not required to give her a full hearing on the termination of her services. That is correct. *Board of Education v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

With respect to her First Amendment claim, the District Court found that the plaintiff's performance in the classroom was not up to the standards demanded by the School District. The court also found that there was no unconstitutional motivation on the part of the Board. The evidence showed examples of free speaking by teachers at Board meetings which never resulted in retaliation; and, indeed, it was

found to be the policy of the school administration to encourage teachers to attend meetings of the Board, at which some teachers were openly and vocally critical of the Board.

The careful attention given by the District Court to the testimony and to the issues raised is reflected in its detailed and thoughtful opinion.

If the decision to dismiss had been motivated by her exercise of constitutionally protected rights, the plaintiff might have been entitled to reinstatement. *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). But here the trial judge made an explicit finding to the contrary, which is supported by the evidence. Since he also found that there was just cause to terminate the plaintiff, regardless of the free speech issue, she "ought not to be able, by engaging in such conduct, to prevent [her] employer from assessing [her] performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision." *Mt. Healthy City Board of Education v. Doyle*, —— U.S. ——, ——, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977).

Affirmed.