Anna Selma Vinje MORPURGO,
Plaintiff,

v.

UNITED STATES of America, Board of Higher Education N.Y.C., Massachusetts Institute of Technology, Princeton, University, and Richard Kleindienst, William Saxbe, Edward H. Levi, Henry Kissinger, Mary Mothersill, Alfred A. Giardino, Robert J. Kibbee, David Newton, Harold M. Proshansky, Hans J. Hillerbrand, Arnold Koslow, Abraham Edel, Julius Elias, Gerald Myers, Andrew J. McLaughlin, Jason Saunders, Virginia Held, Peter Caws, Rudolph Grewe, C. S. Hong, Roberta Thornton, Norma Rees, Napthali Lewis, Kurt Schmeller, Defendants.

Anna Selma Vinje MORPURGO,
Plaintiff,

v.

PROFESSIONAL STAFF CONGRESS/CUNY (PSC), Vladeck Elias Vladeck & Lewis (Vladeck), Board of Higher Education N.Y.C. (BHE) and Judith P. Vladeck, Anthony De Mealas, Abraham Edel, David Newton, Robert Kibbee, Arthur W. Stern, Freddie G. Holt, Ralph Munoz, Vincent Donato, Kasine Walker, Al Kersey, Maxine Archer, Thomas W. Barron, and John/Jane Doe, Defendants.

Nos. 75 Civ. 3840 and 75 Civ. 4913.

United States District Court,
S. D. New York.

July 26, 1977.

See also D. C., 423 F.Supp. 704.

**1136**

Anna Selma Vinje Morpurgo, pro se.

W. Bernard Richland, Corp. Counsel, New York City, for Municipal defendants; Rosemary Carroll, Asst. Corp. Counsel, New York City, of counsel.

EDWARD WEINFELD, District Judge.

The only claims advanced in plaintiff's amended complaints that have survived motions to dismiss and motions for summary judgment made by various defendants are that the City defendants violated plaintiff's rights to due process in connection with (1) the decision not to reappoint her as a lecturer at Queensborough Community College

and (2) the decision not to allow her to continue in the doctoral program in philosophy at the City University of New York. Presently before the Court are the City defendants' motion for summary judgment and plaintiff's motions for immediate reinstatement, for an order under Fed.R.Civ.P. 37 establishing various contested facts according to her claims and prohibiting the introduction of certain evidence at trial, and for an order amending that portion of this Court's opinion dated November 18, 1976 that dismissed plaintiff's claims of unconstitutional discrimination and of a conspiracy to deprive her of her constitutional rights.

The defendants' motion for summary judgment is granted with respect to plaintiff's claim that she was denied due process when not rehired as a lecturer. The defendants have submitted substantial evidence establishing that plaintiff was a non-tenured employee when the decision not to rehire her for an additional school term was reached.[1] In her voluminous submissions to the Court, plaintiff has not controverted this evidence, nor has she tendered anything to indicate that she enjoyed "de facto" tenure, i. e., a justifiable expectation of continued employment despite her nontenured status. Plaintiff thus had no property interest protected under the Fourteenth Amendment.[2] Moreover, plaintiff has raised no material issue of fact with respect to whether her liberty interests under the Fourteenth Amendment were violated by public disclosure of the information upon which the decision not to reappoint her was based.[3]

Plaintiff's further claim that she was denied due process when dismissed from the doctoral program at City University of New York is based in large part on her contention that the defendants deliberately and in bad faith falsified the grades originally giv-

---

1. See N.Y. Educ. Law § 6206 (McKinney 1972).

2. Board of Regents v. Roth, 408 U.S. 564, 575–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Rocker v. Huntington, 550 F.2d 804 (2d Cir. 1977) (per curiam); Lombard v. Board of Educ., 502 F.2d 631, 637 (2d Cir. 1974), cert. denied, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975).

3. See Bishop v. Wood, 426 U.S. 341, 348–49, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Board of Regents v. Roth, 408 U.S. 564, 573–75, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

en her on her exams for the purpose of prejudicing a fair determination of her entitlement to continue in the program. The defendants have abundantly established that no falsification or improper alteration of records or examination scores took place, and that plaintiff was dismissed from the doctoral program solely because she repeatedly failed the comprehensive examinations required to be taken and passed by doctoral candidates.

The defendants' submissions on this motion, uncontroverted by the plaintiff, establish that the defendants afforded plaintiff ample notice of the academic requirements for remaining in the doctoral program, advised plaintiff of her deficiencies in a timely manner, and, indeed, made special and extraordinary efforts to allow plaintiff to remedy her numerous failures to meet the requirements.[4] After nine examination failures, she was given a final opportunity to remain at the program, but again failed to meet the conditions.[5] Plaintiff's unsupported and reiterated assertions that in fact she passed examinations she was graded as having failed does not entitle her to have the Court, as opposed to her professors and those who graded her examinations, review her academic performance.[6]

Nor is there any material issue concerning whether the defendants acted arbitrarily or in bad faith in grading or processing her examinations and maintaining her records. In response to the defendants' well-documented motion, plaintiff has merely submitted conclusory allegations, not based on personal knowledge, that she in fact passed certain examinations, that she believes one of her "grade sheets" (but apparently not the underlying examination) contained a forged signature, and that the defendants did not adhere to their established procedures in grading her examinations.[7] Rather than tendering any specific factual or evidential matter indicating that a genuine issue remains for trial, plaintiff has resorted to the sort of vague allegations, equivocations and references to irrelevancies that have characterized this litigation from the outset. That plaintiff challenges the veracity of affidavits and documents submitted by the defendants cannot, in the absence of evidential facts tending to support her claims, serve to defeat a motion for summary judgment.[8]

The Court is well aware that summary judgment is a drastic form of relief that is to be granted only sparingly.[9] However, unless the summary judgment rule has become a dead letter simply because a party reiterates conclusory allegations built on strong emotions rather than factual foundations, the defendants are entitled to the relief requested.[10] Accordingly, the defendants' motion for summary judgment on plaintiff's claim that she was denied due process when dropped from the doctoral program is granted.

---

4. *See Mahavongsanan v. Hall,* 529 F.2d 448, 449–50 (5th Cir. 1976); *Gaspar v. Bruton,* 513 F.2d 843, 850 (10th Cir. 1975); *Connelly v. University of Vermont,* 244 F.Supp. 156 (D. Vt. 1965).

5. In an Article 78 proceeding brought in the New York State Supreme Court, *see* N.Y.C.P. L.R. § 7801 et seq. (McKinney 1963 & Supp. 1976), plaintiff attacked her dismissal from the doctoral program as being arbitrary and capricious. The court there found, however, that plaintiff's dismissal was adequately justified by her 11 separate failures to pass various parts of the comprehensive examinations required to be taken by doctoral candidates.

6. *See* cases cited in note 4 *supra.*

7. *See Applegate v. Top Assocs., Inc.,* 425 F.2d 92, 96 (2d Cir. 1970).

8. *Modern Home Institute, Inc. v. Hartford Acc. & Indem. Co.,* 513 F.2d 102, 110 (2d Cir. 1975); *Dyer v. MacDougall,* 201 F.2d 265, 268–69 (2d Cir. 1952); *Morgan v. Sylvester,* 125 F.Supp. 380, 390 (S.D.N.Y.1954), *aff'd,* 220 F.2d 758 (2d Cir. 1955).

9. *See United States v. Bosurgi,* 530 F.2d 1105, 1110 (2d Cir. 1976); *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975).

10. *See Applegate v. Top Assocs., Inc.,* 425 F.2d 92, 96–97 (2d Cir. 1970).

Plaintiff has submitted nothing to indicate that her claims of discrimination and conspiracy, which were previously dismissed by this Court, are meritorious; her motion for reinstitution of these claims is accordingly denied. Obviously, plaintiff has made no showing of a likelihood of success on the merits of her claims, and her motion for immediate reinstatement is thus denied. Plaintiff's further motions under Rule 37 of the Federal Rules of Civil Procedure are also denied.

As noted, the only outstanding claims in 75 Civil 3840 and 75 Civil 4913 were those against the City defendants. Resolution of the instant motion disposes of these claims, and judgment may now be entered in favor of the City defendants as well as the remaining defendants in 75 Civil 3840 and 75 Civil 4913, who previously obtained orders granting summary judgment or dismissing plaintiff's complaints.

So ordered.