■ KEITH E. SABIN, Respondent, v STATE UNIVERSITY OF NEW YORK MARITIME COLLEGE AT FORT SCHUYLER et al., Appellants. — Judgment, Supreme Court, Bronx County (Blatt, J.), entered January 12, 1983, which granted the petition, reinstated petitioner as a cadet and student at the Maritime College, having found arbitrary and capricious respondents' determination disenrolling petitioner and which denied respondents' cross motion to dismiss, unanimously reversed, on the law, the cross motion granted and the petition dismissed, without costs or disbursements. On review of the record, we do not agree with Special Term's assessment that the suitability hearing and the

determination of respondents were unfairly tainted by consideration of the fact that, prior to his admission, petitioner had been disenrolled while a student at the United States Military Academy. The record reflects that petitioner was accorded a full and adequate hearing, consistent with procedural due process standards. The prior disenrollment, part of petitioner's history, was considered as having a bearing upon a determination as to his "inaptitude for the demanding career of a merchant marine officer" (46 CFR 310.10 [a]). Although petitioner had a good academic record, he accumulated 110 demerits in his first year and another 155 demerits during the first semester of the second year. The charges concerning the alleged vandalism and possession of drug-related paraphernalia, as well as petitioner's over-all record, including his lack of sobriety, could be considered in determining whether he was appropriately suited to the military discipline expected of a student at the Maritime College and as a potential officer of the United States Merchant Marine, Navy or Coast Guard. As in any CPLR article 78 proceeding, the standard of review applicable is whether the determination is supported by substantial evidence in the record or is arbitrary and capricious. While the courts have been understandably reluctant to intervene in determinations by an educational institution involving controversies with respect to academic standards (*Olsson v Board of Higher Educ.*, 49 NY2d 408, 413), suspension or expulsion on grounds unrelated to academic achievement requires conformity by the institution with its own rules (see *Tedeschi v Wagner Coll.*, 49 NY2d 652, where reinstatement was directed upon the failure to accord to plaintiff, consistent with the published guidelines of the college, review of her suspension by a hearing board composed of students and faculty and by the president). The suitability hearing was held in accordance with the rules of the Maritime College after a captain's mast had recommended disenrollment. At the hearing, petitioner was represented by counsel, had a full and fair opportunity to contest the charges, present relevant proof and cross-examine witnesses. Following issuance of the suitability report, respondent Admiral Miller forwarded the recommendation to petitioner and afforded him an opportunity to meet and discuss the matter. After a review of the record, including the tapes of the hearing, respondent concluded that the evidence supported the finding that petitioner was not "suited for the regimented life of the College" and issued a determination to disenroll petitioner. The determination, made within the jurisdiction of respondents, was based upon the exercise of honest discretion after a full review of the operative facts. It was neither arbitrary nor capricious so as to authorize judicial interference (*Matter of Carr v St. John's Univ., N. Y.*, 17 AD2d 632, 634, affd 12 NY2d 802; 52 NY Jur, Schools, Colleges, and Universities, § 961). Nor do we conclude that the penalty imposed, based upon the determination of unsuitability, was "'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness'" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *Matter of Kramer v Kinney*, 87 AD2d 870). The quality of the evidence and the seriousness of the charge, in relation to petitioner's entire record at the school, were appropriately passed upon by respondents and were not subject to the subjective analysis of Special Term, particularly in light of the limited review available in an article 78 proceeding. Concur — Sandler, J. P., Carro, Fein, Milonas and Kassal, JJ.