OPINION OF THE COURT
Harold Tompkins, J.
Petitioner, on behalf of herself and her daughter, brings this proceeding for the reinstatement of her daughter as a full-time student at Hunter College High School. For the reasons stated below, the court dismisses the petition.
The petitioner in this proceeding alleges that her daughter was improperly suspended, not afforded the statutory rights to a hearing under Education Law § 3214 and her rights of due process (Goss v Lopez, 419 US 565 [1979]). The statutes and *848 cases cited by petitioner relate to suspension for disorderly or otherwise improper behavior or absenteeism. Victoria Spencer has been discharged on academic grounds. The standard for academic discharge differs greatly from that applicable in suspension cases (Matter of Sofair v State Univ. of N. Y. Upstate Med. Center Coll, of Med., 44 NY2d 475 [1978]). A high degree of deference to the professional expertise is appropriate in matters of academic discharge (Tedeschi v Wagner Coll., 49 NY2d 652 [1980]; Matter of Olsson v Board of Higher Educ., 49 NY2d 208 [1980]). This deference is founded on the sound public policy of the certification of competence (Matter of Levy [City Univ. of N. Y.] 88 AD2d 915 [2d Dept 1982], affd 57 NY2d 925). The court notes the uncontradicted evidence of Victoria Spencer’s failure to meet the educational requirement of Hunter College High School (see, Matter of Patti Ann H. v New York Med. Coll., 88 AD2d 296 [2d Dept], affd 58 NY2d 734). Although Hunter College High School is a public high school, Ms. Spencer will not be deprived of her right under Education Law § 3205 to a free public education through the high school level since she may attend her local high school. There has been no evidence presented by the petitioner that the respondent failed to abide by its own rules relating to academic discharge (see, Sabin v State Univ. of N. Y. Mar. Coll, at Fort Schuyler, 92 AD2d 831 [1st Dept 1983]).
The court also notes the numerous meetings between Ms. Spencer, her mother and the respondent concerning the academic problems resulting in Ms. Spencer’s discharge. In this setting, the full formality of traditional legal proceedings is not required and the court finds that the petitioners’ opportunity to be heard and to present evidence satisfied the requirements of due process (Matter of Olsson v Board of Higher Educ., supra; Matter of Patti Ann H. v New York Med. Coll., supra).