*243 OPINION OF THE COURT
Alexander, J.
In this article 78 proceeding, petitioner challenges her dismissal for academic deficiency from respondent law school. Because her allegations are directed at the pedagogical evaluation of her test grades, a determination best left to educators rather than the courts, we conclude that her petition does not state a judicially cognizable claim. Accordingly, we modify the order of the Appellate Division to dismiss the petition in its entirety.
I
Petitioner enrolled at respondent law school in the fall of 1985. In accordance with respondent’s published rules, petitioner was automatically placed on academic probation at the end of her first year for having failed to achieve a 2.0, or "C” cumulative average. The law school rules further provided that a student on probation who thereafter fails to achieve both a semester and a cumulative average of 2.0 is subject to academic dismissal at the discretion of the law school’s Academic Status Committee (Committee). Such a student, however, has the right to present written and oral statements to the Committee explaining his or her failure to meet the school’s academic standards.
Although petitioner earned a cumulative average of 2.001 at the end of her third semester, in her fourth semester her average dropped to 1.546, lowering her cumulative average to 1.89. Consequently she was notified that the Academic Status Committee would be considering whether she would be permitted to continue her studies. She submitted a written statement to the Committee, describing factors that she claimed affected her performance. In this written statement, petitioner blamed her less than "C” average on the grades she received in two of her fourth semester courses, namely, Constitutional Law II, in which she received a "C — ”, and Corporations, in which she received a "D”. She argued that these grades did not fairly and accurately reflect the knowledge she had demonstrated on the exams in those courses. Petitioner also appeared before the Committee to state her case orally. She contends that when she attempted to raise the subject of the *244 two grades, she was immediately interrupted by the Committee chairperson who told her that the Committee would not consider them. Petitioner then gave other reasons for her below average performance. They were unavailing and the Committee voted unanimously to dismiss her for failure to meet the law school’s academic standards. Petitioner requested reconsideration of her case, and submitted an additional statement oifering still further reasons for her substandard academic performance. The Committee accepted the new submission, but declined to reconsider its decision.
In this article 78 proceeding seeking a judgment directing respondent to reinstate her, petitioner alleges that the Committee’s decision to dismiss her was arbitrary and capricious and that her poor performance in her fourth semester was directly attributable to the irrational testing and grading procedures of three of her four professors. She challenged the grades she received in Constitutional Law II, Corporations, and Lawyers and Systems of Justice, alleging that her Constitutional Law exam was unfairly graded and that the professor in Lawyers and Systems of Justice was "a complete incompetent”. She also contends, inter alia, that the Committee failed to give sufficient weight to a variety of personal factors; and that she was dismissed in retaliation for complaining about her professors.
Petitioner also alleges that when she met with the Corporations professor to discuss her grade, the professor told her that she was given zero credit on an essay question worth 30% of the exam because she analyzed the problem under both Delaware law and New York law when only Delaware law was called for, that her answer did correctly analyze the problem under Delaware law and that she would have received full credit on this question had she only refrained from mentioning New York law. Notwithstanding petitioner’s claim that she only mentioned New York law to get extra credit, the professor allegedly insisted that petitioner gave two answers to the question, thereby indicating that she did not know which one was correct, and was therefore not entitled to any credit. Petitioner also alleges that the professor advised her that points were deducted from the Corporations exam because she had misused the term "oppressive conduct” and because the exam was written in the style of a first-year student.
The responding affidavits of respondent’s Dean of Academic *245 Affairs and the Corporations professor asserted that the grading of the exam was purely a matter of academic discretion and that the exam grade was based upon the over-all quality of petitioner’s answer and not on any narrow, formalistic concerns.
Supreme Court dismissed the petition, concluding that petitioner had not demonstrated that her dismissal was arbitrary, capricious or ordered in bad faith. The Appellate Division rejected most of petitioner’s claims, but reversed Supreme Court and granted the petition to the extent of remanding the matter to respondent for further consideration of the Corporations grade to determine whether the grade given on the exam, including the disputed essay, was a rational exercise of discretion. Respondent appeals and petitioner cross-appeals by leave of that court, which also certified the question of whether its order was properly made.
II
On this appeal, respondent argues that the Appellate Division erred in concluding that petitioner’s allegations as to her Corporations grade state a judicially cognizable claim. We agree.
Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution’s judgment of a student’s academic performance (Matter of Olsson v Board of Higher Educ., 49 NY2d 408, 413; Tedeschi v Wagner Coll., 49 NY2d 652, 658; Matter of Soifair v State Univ. of N. Y. Upstate Med. Center Coll. of Medicine, 54 AD2d 287, revd on other grounds 44 NY2d 475; see also, Board of Curators, Univ. of Mo. v Horowitz, 435 US 78, 89-90). Unlike disciplinary actions taken against a student (Tedeschi v Wagner Coll., supra), institutional assessments of a student’s academic performance, whether in the form of particular grades received or actions taken because a student has been judged to be scholastically deficient, necessarily involve academic determinations requiring the special expertise of educators (Board of Curators v Horowitz, 435 US, at 90, supra). These determinations play a legitimate and important role in the academic setting since it is by determining that a student’s academic performance satisfies the standards set by the institution, and ultimately, by conferring a diploma upon a student who satisfies the institution’s course of study, that the institution, in effect, certifies to society that the student *246 possesses the knowledge and skills required by the chosen discipline (Matter of Olsson v Board of Higher Educ., 49 NY2d, at 413, supra; see also, Matter of Pace Coll. v Commission on Human Rights, 38 NY2d 28, 38; Matter of Patti Ann H. v New York Med. Coll., 88 AD2d 296, 301, affd 58 NY2d 734). Thus, to preserve the integrity of the credentials conferred by educational institutions, the courts have long been reluctant to intervene in controversies involving purely academic determinations (Matter of Olsson v Board of Higher Educ., 49 NY2d, at 413, supra).
Accordingly, although we have emphasized that the determinations of educational institutions as to the academic performance of their students are not completely beyond the scope of judicial review (id., at 413-414; Morales v New York Univ., 83 AD2d 811, affd for reasons stated below 55 NY2d 822), that review is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute (id.; James v Board of Educ., 42 NY2d 357, 365). This standard has rarely been satisfied in the context of challenges to academic determinations because the courts have repeatedly refused to become involved in the pedagogical evaluation of academic performance. Thus, we have declined, in the absence of bad faith, to compel a university to award a diploma where a student alleged that he had failed a final comprehensive exam because of his reliance on the professor’s misstatement as to how the exam would be graded (Matter of Olsson v Board of Higher Educ., supra), or to compel a medical school to permit a student who had failed a number of courses to repeat a year (Matter of Patti Ann H. v New York Med. Coll., 88 AD2d 296, affd 58 NY2d 734, supra), and we have concluded that a college did not act arbitrarily in refusing to "round off” a senior’s grade so that she might graduate (Matter of McIntosh v Borough of Manhattan Community Coll., 55 NY2d 913, affg 78 AD2d 839; see also, Matter of Sofair v State Univ. of N. Y. Upstate Med. Center Coll. of Medicine, 54 AD2d 287, supra; Matter of Spencer v New York City Bd. of Higher Educ., 131 Misc 2d 847; Morpurgo v United States, 437 F Supp 1135; Connelly v University of Vt., 244 F Supp 156 [citing cases]).
As a general rule, judicial review of grading disputes would inappropriately involve the courts in the very core of academic and educational decision making. Moreover, to so involve the courts in assessing the propriety of particular grades *247 would promote litigation by countless unsuccessful students and thus undermine the credibility of the academic determinations of educational institutions. We conclude, therefore, that, in the absence of demonstrated bad faith, arbitrariness, capriciousness, irrationality or a constitutional or statutory violation, a student’s challenge to a particular grade or other academic determination relating to a genuine substantive evaluation of the student’s academic capabilities, is beyond the scope of judicial review (see, Regents of Univ. of Mich. v Ewing, 474 US 214, 225; Morpurgo v United States, 437 F Supp 1135, supra; Connelly v University of Vt., 244 F Supp 156, supra).
Petitioner’s allegations do not meet this standard; rather, they go to the heart of the professor’s substantive evaluation of the petitioner’s academic performance and as such, are beyond judicial review. The claim that this Corporations grade resulted in petitioner’s arbitrary dismissal from the law school was properly dismissed by Supreme Court.
We have considered the contentions raised on petitioner’s cross appeal and conclude that they are without merit.
Accordingly, the order of the Appellate Division should be modified to dismiss the petition in its entirety, and, as so modified, affirmed, with costs. The certified question should not be answered as unnecessary.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order modified, with costs to appellant-respondent, by dismissing the petition and, as so modified, affirmed. Certified question not answered as unnecessary.