■ In the Matter of EUGENE PACKER, Appellant, v NEW YORK UNIVERSITY, Respondent. [655 NYS2d 504] —Order, Supreme Court, New York County (Walter Tolub, J.), entered February 20, 1996, which, in a proceeding pursuant to CPLR article 78 to annul respondent university's termination of petitioner student from its doctoral program, granted respondent's motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The documentary evidence attached to the petition establishes as a matter of law that petitioner failed to comply with respondent's rules that required him to apply for extensions of the ten-year period he had to complete the program, and that respondent's refusal to grant a retroactive extension was based on a negative evaluation of petitioner's academic performance that is effectively beyond judicial review (*see, Matter of Susan M. v New York Law School*, 76 NY2d 241). Accordingly, there is no merit to petitioner's assertion that the IAS Court improperly converted respondent's motion to dismiss into one for summary judgment without giving notice of its intent to do so. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.

■ BANKERS TRUST COMPANY, Plaintiff, v PAPPAS ENTERPRISES, INC., et al., Defendants. JAMES C. FREUND et al., Appellants, v BANKERS TRUST COMPANY, Respondent. [655 NYS2d 948] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 10, 1996, which denied movants' motion to quash subpoenas duces tecum, unanimously affirmed, with costs.

The motion to quash was properly denied and production directed pursuant to CPLR 5223, since movants do not dispute that the requested documents are material to plaintiff's efforts to enforce its judgment against defendants. Concur—Rosenberger, J. P., Rubin, William and Andrias, JJ.