■ In the Matter of ELENA BALYBERDINA, Appellant, v NATIONAL INSTITUTE FOR THE PSYCHOTHERAPIES, Respondent. [30 NYS3d 80]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered April 14, 2015, denying the petition challenging respondent the National Institute for the Psychotherapies' determination, dated June 11, 2013, not to admit petitioner to its Adult Training Program (ATP), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination was rational and not arbitrary and capricious, made in bad faith, or contrary to its own policies and procedures (*see Matter of Susan M. v New York Law School*, 76 NY2d 241, 246 [1990]). The record establishes that while petitioner may have had difficulties with her initial supervisor, she was assigned a new supervisor. Further, during her "preliminary year," petitioner received uniformly negative evaluations and no recommendations for admission to the ATP. Nevertheless, petitioner was given a chance to reapply to the ATP after an extension of her preliminary year, on a remedial basis, which was an exception respondent made for petitioner, in anticipation of her improved performance. Upon completion of the remedial preliminary year, and consideration of petitioner's evaluations from supervisors, advisors, instructors and other relevant personnel, respondent determined that petitioner's progress was insufficient to warrant a recommendation that she reapply or be admitted to the ATP. The evidence shows that petitioner was informed of her deficiencies and respondent's academic policy that it does not guarantee enrollment to the ATP to any student (*see Matter of Lipsky v Ferkauf Graduate Sch. of Psychology*, 127 AD3d 582, 582-583 [1st Dept 2015]).

To the extent petitioner argues that respondent violated title IV of the Higher Education Act (HEA) of 1965, respondent's evidence shows that title IV and its implementing regulations do not apply to respondent because it does not participate in any title IV, HEA programs or any other federal student

financial assistance programs (*see* 34 CFR 668.1), but is funded entirely through private donations, tuition, and income generated through psychoanalytic treatment services provided to individuals in the community. Petitioner failed to contradict respondent's evidence.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.