Matter of Ghaly v Columbia Univ. (2020 NY Slip Op 00237)





Matter of Ghaly v Columbia Univ.


2020 NY Slip Op 00237


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10768 101137/16

[*1] In re Magdy Ghaly, Petitioner-Appellant,
v
Columbia University, et al., Respondents-Respondents.


Magdy Ghaly, appellant pro se.
Jackson Lewis P.C., White Plains (Susan D. Friedfel of counsel), for respondents.



Judgment (denominated decision and order [one paper]), Supreme Court, New York County (Debra A. James, J.), entered October 2, 2018, which granted the motion of respondents Columbia University and the Trustees of Columbia University in the City of New York to dismiss the petition seeking a declaration that respondents' determination that he failed an examination was arbitrary and capricious, an order compelling respondents to give him a passing score or a professional degree, and an award of back pay and other damages, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner twice failed an examination he was required to pass in order to continue in respondents' engineering Ph.D. program. After requesting, and being granted, a professional degree in Civil Engineering, petitioner brought the instant proceeding. " Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment' on core academic policy regarding a student's academic performance and examinations" (Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 435 [1st Dept 2010], lv denied 16 NY3d 890 [2011], cert denied 565 US 884 [2011], quoting Matter of Susan M. v New York Law School, 76 NY2d 241, 245 [1990]). Judicial review of "determinations of educational institutions as to the academic performance of their students . . . is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute" (Matter of Susan M., 76 NY2d at 246, citing Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 413-414 [1980]).
Petitioner's allegations, rather than addressing whether respondents' determination was arbitrary and capricious, irrational or made in bad faith, "go to the heart of the [] substantive evaluation," his performance on the exam (Matter of Susan M., 76 NY2d at 247). His challenge to the content of one of the examination questions, which the "motion court declined to entertain" by denying his motion to supplement the record filed one year after commencing this proceeding, is not properly raised on appeal, as it does not raise a "strictly legal" issue, and directly contradicts the allegations in the petition (see Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 647 [1st Dept 2019], lv denied 33 NY3d 904 [2019]). His contention that he should have been tested under a previous examination format is unavailing, as he was on notice of the new format, and respondents have the " right to change the academic degree requirements, provided that such changes are not arbitrary and capricious'" (Kickertz v [*2]New York Univ., 110 AD3d 268, 273 [1st Dept 2013]).
Finally, petitioner was awarded a professional degree, as he requested.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK