| **Otero v Pace Univ.** |
|:---:|
| 2025 NY Slip Op 32911(U) |
| August 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155046/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

------------------------------------------------------------------------------X

SARAH OTERO

                              Petitioner,

                    - v -

PACE UNIVERSITY,

                              Respondent.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155046/2024 |
| **MOTION DATE** | 05/31/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion to/for _____ARTICLE 78 (BODY OR OFFICER)_____.

Upon the foregoing documents, it is

Upon consideration of the Petition of Sarah Otero ("Petitioner"), the Opposition thereto by Pace University ("Respondent" or "Pace"), and the Petitioner's Reply, and after careful review of the submitted documents and the arguments presented, this Court finds that there are sufficient unresolved procedural and substantive issues to warrant remanding the petition back to Pace University for further deliberation, re-evaluation, and procedures.

## I. BACKGROUND

The Petitioner, Sarah Otero, initiated this Article 78 proceeding seeking reinstatement to the Doctor of Philosophy Program in Clinical Psychology with Health Care Emphasis ("the Program") at Pace University, following her dismissal. Ms. Otero's dismissal stemmed from two alleged incidents: an academic integrity violation concerning an unauthorized Zoom session during a final examination in the Psychopharmacology (PSY849) class, and a prior professional conduct violation, referred to as a "social media incident."  Regarding the professional conduct incident, Ms. Otero had previously been placed on a remediation plan.  Pace determined that this prior attempt at remediation was ineffective, and that further remediation would likely be futile. Petitioner, however, asserts that she complied with and completed the imposed remediation plan, and that Respondent did not comply with its own written obligations related to the plan, including facilitating a required meeting to discuss student morale concerns.

For the academic integrity violation during the Psychopharmacology final examination, Petitioner admitted to participating in unauthorized communication. Pace offered a Direct Resolution form, as Petitioner had no prior academic misconduct record. Ms. Otero, however,

[* 1]

declined to sign this form, stating discomfort with the phrasing that she had "colluded to cheat." Petitioner alleges she reached out to faculty members about her concern with the Direct Resolution wording but did not receive a response, and that her concern was not resolved prior to her dismissal by the department faculty.

Following these incidents, the Program Committee recommended Ms. Otero's dismissal from the Program, citing a "demonstrated repeated breach of professional ethics and academic integrity." The full-time faculty of the department voted to dismiss her on December 15, 2023. Ms. Otero was informed of her right to appeal, which she exercised on December 28, 2023. An Ad Hoc Appeals Committee reviewed her appeal and recommended upholding the dismissal on January 30, 2024, a recommendation accepted by the Acting Chair on February 2, 2024.

## II. DISCUSSION

Judicial review of university disciplinary actions in an Article 78 proceeding is generally limited (*see Powers v St John's Univ. Sch. Of Law*, 25 NY3d 210, 216 [2015]). Courts primarily examine whether the university substantially complied with its own rules and procedures, and whether its actions were arbitrary, capricious, irrational, or made in bad faith (*see Matter of Susan M. v New York Law Sch.*, 76 NY2d 241, 246 [1990]; *Tedeschi v Wagner* College, 49 NY2d 652, 660 [1980]). While courts typically defer to educational institutions' professional judgments on internal matters, this deference is predicated on the institution adhering to its established guidelines. When a university has adopted a rule or guideline establishing the procedures that should be followed in relation to the expulsion, suspension or termination of a student from a program, that procedure must be substantially observed (*see Tedeschi*, 49 NY2d at 660). Petitioner raises several arguments suggesting that Pace University did not substantially comply with its own stated policies and procedures, potentially rendering its dismissal decision arbitrary and capricious.

The petitioner asserts that Pace University failed to complete crucial steps under its Academic Integrity Code ("AIC") after she declined the Direct Resolution. She highlights that the AIC's procedures, including potential hearing rights, are explicitly mandatory, not suggestive, as indicated by the language "in cases involving issues of academic integrity, the following procedures shall be applied…". The AIC states that if a student does not accept a proposed Direct Resolution, "the matter is referred to the University's Academic Conduct Committee, which is to follow the procedures set forth in the AIC." The procedures of the Academic Conduct Committee hearing allow for presentation of evidence, questioning of witnesses, and statements by the student. Petitioner contends she was denied the opportunity to resolve the matter directly with the course instructor and/or have a hearing that she would be entitled to under the procedures set forth in the AIC.

Pace argues that further AIC proceedings were mooted because the Department had already voted to dismiss the petitioner. The University maintains that Ms. Otero's dismissal from the Program mooted the need for further proceedings under the AIC because the University had proceeded under both the AIC and the Program's Policies and Procedures Manual ("Manual"). Pace claims that the Manuel explicitly allows for such parallel proceedings and that the process outlined in the Manuel, which ultimately lead to her dismissal, was completed first. They also

**155046/2024   OTERO, SARAH vs. PACE UNIVERSITY**                                          **Page 2 of 5**
**Motion No.  001**

[* 2]

contend that the AIC does not require its procedures to be completed before the Program or Department reviews a student's conduct. The petitioner, however, argues that the university abandoned its own policies and procedures mid-process by not completing the AIC resolution process and denying her a hearing. She claims she was deprived of the opportunity to speak to the course instructor directly, present evidence, question witnesses, provide a statement, or present mitigating circumstances in a hearing, all of which are explicitly mandated by the Integrity Code if a Direct Resolution is unsuccessful. She asserts that the explicit "shall be applied" language in the AIC means these procedures are not optional once the parties fail to reach agreement on the wording of a Direct Resolution.

Petitioner declined to sign the Direct Resolution form because she was not comfortable with the phrasing that she had "colluded to cheat" and sought resolution from faculty regarding this wording, which Pace acknowledges was not resolved prior to her dismissal by the Department faculty. Petitioner argues that Pace's actions were arbitrary and capricious by: (1) compounding sanctions already imposed; (2) failing to respond to her request for form revision prior to dismissal; and (3) adopting her suggested violation revision (changing it from an admission of colluding to cheat to engaging in "unauthorized communication") while simultaneously using her failure to sign the initial form as a basis for dismissal. The Court agrees with the petitioner that these actions were arbitrary and suggest the possibility of a critical breakdown in the communication and resolution mechanisms within the disciplinary process itself.[1]

The petitioner also argues that her dismissal was improperly based on alleged violations of the APA Ethics Code. The APA Ethics Code states that it is aspirational and not intended to constitute enforceable rules of conduct or professionalism. It also specifically provides that it should not be used as a basis for sanctions or civil liability. While the Appeals Committee acknowledged that general principles are not enforceable rules, they maintained that they "should be considered by psychologists in arriving at an ethical course of action." The initial Program Committee's recommendation specifically cited violations of the APA general principles B and C as part of its dismissal determination. This apparent inconsistency between using principles for deliberation and potentially citing them as violations warranting dismissal could render the decision irrational or arbitrary.[2]

The cumulative effect of these alleged procedural deviations and unresolved questions regarding the application of university policies and ethical guidelines creates ambiguity as to

---

[1] The Program Committee concluded that Ms. Otero's engagement in the previous remediation plan was "not effective" and that "further remediation in the current instance is not a viable course of action." Petitioner, however, contends that she "complied with and completed the imposed remediation plan" and that Pace did not fulfill its "written obligations set forth in the remediation plan." This factual dispute about whether the program properly facilitated its conclusion or if it was cut short due to the subsequent academic integrity incident warrants further review to determine if the premise for concluding that further attempts at remediation would likely be futile was adequately established.

[2] Petitioner alleges, "on information and belief," that some members of the Ad Hoc Appeals Committee were also part of the initial Program Committee that recommended her dismissal. While Pace asserts its Manual does not prohibit this, the appearance of a lack of impartiality, especially in a graduate program demanding high ethical standards, could be a factor in assessing the fairness of the overall process.

**155046/2024   OTERO, SARAH vs. PACE UNIVERSITY**
Motion No.  001

**Page 3 of 5**

3 of 5

whether Ms. Otero received the fair process she was entitled to under Pace's own published rules. The Court's role is not to substitute its judgment for that of the university on academic or disciplinary matters but to ensure that the university acted rationally and in substantial compliance with its own rules. The inconsistencies and disputed facts presented suggest that the University's decision-making process may have suffered from substantial prejudicial error in the Committee procedure or abuse of discretion on the part of the Committee as grounds for modification by a Provost in an internal appeal. These concerns are sufficient to warrant a remand for Pace to re-evaluate the matter, ensuring adherence to its full procedural commitments and a clear rationale for all aspects of its decision.   This remand does not dictate a specific outcome but requires Pace University to re-examine Ms. Otero's case and her appeal within a framework that transparently and comprehensively adheres to all its published policies and procedures, addressing the procedural irregularities and substantive points of contention raised by the Petitioner.

One final point should be considered.  Upon remand, one crucial factor Pace University should consider is whether they adequately accounted for the trauma experienced by Sarah Otero due to the October 7th events in Gaza, or if their evaluation of this mitigating circumstance was too dismissive.  Ms. Otero explicitly stated in her appeal that she was a "wreck" and "sobb[ed] uncontrollably for 2 hours" on the day of the Psychopharmacology examination due to having family near the Gaza border and observing a "surge of antisemitic violence and hatred towards Jews." While the Appeals Committee acknowledged her mental state and that these events impact mental health, they ultimately concluded it did not justify her unprofessional behavior, noting that other students also faced similar stressors.  However, Ms. Otero's clinical supervisor provided a letter of support, indicating that despite being deeply impacted by the Israel-Gaza war, she "continued to show up for [her] clients, while also learning self-care and finding balance." The petitioner asserts that the university's disregard of her mental health and other mitigating factors made their expulsion decision unfair, irrational, and unreasonable, especially given her 3.9 GPA and lack of prior academic integrity violations. Reconsidering the weight given to this significant personal crisis and the supportive evidence from her clinical supervisor is vital to determine if the dismissal was arbitrary and capricious.

For the foregoing reasons, the Court hereby **ORDERS, ADJUDGES, and DECREES** that:

1. The Petitioner's request to annul, void, and vacate Respondent's Determination is hereby **GRANTED** to the extent that the matter is **REMANDED** back to Pace University.

2. Pace University is directed to undertake further deliberation, re-evaluation, and procedures regarding Ms. Otero's dismissal, specifically addressing:

   A.  The completion or clear resolution of the Academic Integrity Code (AIC) process as it applies to Ms. Otero's academic integrity violation, including consideration of her asserted rights to a hearing and to resolve the disputed wording of the Direct Resolution form, in strict accordance with the mandatory language of the AIC.

**155046/2024   OTERO, SARAH vs. PACE UNIVERSITY**
**Motion No.  001**

**Page 4 of 5**

4 of 5

B. A thorough re-assessment of all stated grounds for dismissal, ensuring that no new concerns or negative feedback were introduced without proper prior notice and opportunity for Ms. Otero to respond.

C. A re-evaluation of the application and impact of the APA General Principles in the dismissal decision, ensuring their use is consistent with the APA's explicit statement that they are not enforceable rules for imposing sanctions.

D. A clear determination of the viability and proper completion of the initial remediation plan for professional conduct, and how its alleged incompletion or Ms. Otero's engagement with it genuinely informed the decision that further remediation would be futile.

E. A review of the composition of the Appeals Committee to ensure impartiality in the reconsideration process, in light of Petitioner's allegations.

F. The impact of outside events as a mitigating factor for the petitioner's alleged misconduct.

The forgoing constitutes the decision and order of this court.

2025081816511 0MONU62S00947E762458583AB1AD276A1CBC8

_____
**8/18/2025**
**DATE**

_____
**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155046/2024   OTERO, SARAH vs. PACE UNIVERSITY**
**Motion No.  001**

**Page 5 of 5**

5 of 5