■ MICHAEL VOUGHT, Appellant, v TEACHERS COLLEGE, COLUMBIA UNIVERSITY, Respondent.—In an action to recover damages for breach of contract, fraud and negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated May 29, 1986, which granted the defendant's motion for summary judgment and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

Based on an advertisement published by the defendant college, the plaintiff, an undergraduate student with 60 credits, became interested in the "Accel-A-Year" program offered by the defendant which would grant him a combined Bachelor of Science and Master of Arts degree after an additional two years of study, thereby saving him one year towards the latter degree. Thereupon, the plaintiff received an advisory statement from the defendant which referred to the prospective granting of a combined Bachelor of Science and Master of Arts degree solely in this manner: "Application is in process to Albany for approval of this program as a *combined* degree program of *B.S. M.A.*" (emphasis supplied). The plaintiff checked off the box marked "Master of Arts Degree" on his application for admission, and the defendant's letter of acceptance referred to his admission to a program leading to a Master of Arts degree. Furthermore, oral statements made during an interview to the plaintiff by an agent of the defendant also indicated that the program would lead to a Master of Arts degree, but that the application for a combined degree program had been made but was not yet approved. After six months of study, the defendant notified the plaintiff that the application was not going to be approved in time for him to receive the combined degree, and, therefore, he should consider returning to his undergraduate studies. The plaintiff returned to his studies and the defendant granted him his Master of Arts degree in October 1982.

When a student is admitted to a university, an implied contract arises between the parties which states that if the

student complies with the terms prescribed by the university, he will obtain the degree he seeks *(see, Matter of Carr v St. John's Univ.,* 17 AD2d 632, *affd* 12 NY2d 802). The rights and obligations of the parties as contained in the university's bulletins, circulars and regulations made available to the student, become a part of this contract *(Prusack v State of New York,* 117 AD2d 729). Because the documents made available to the plaintiff herein by the university merely stated that he was entering a program which would lead to a Master of Arts degree, Special Term properly dismissed his breach of contract claim in which he alleged that he was promised the combined degree.

Since the plaintiff was made abundantly aware that the program would lead to a Master of Arts degree, and that the defendant's application for approval of its combined-degree program had not been granted, his cause of action sounding in fraud must also fail because he cannot allege that he justifiably relied on the express statements in the advisory statement and advertisement to the effect that the program would result in a one-year saving in schooling *(see, Green v Leibowitz,* 118 AD2d 756). Furthermore, any oral statements that the application was expected to be granted were merely predictions and prophesies and were not misrepresentations of fact which would sustain a cause of action sounding in fraud *(see, Adams v Clark,* 239 NY 403).

Finally, Special Term also properly granted summary judgment in favor of the defendant on the plaintiff's negligence claim since the university decided not to continue its baccalaureate curricula in 1978, before it owed any duty to the plaintiff, and it was not reasonably foreseeable that the plaintiff would be injured thereby *(see, Palsgraf v Long Is. R. R. Co.,* 248 NY 339, *rearg denied* 249 NY 511; *Danielenko v Kinney Rent A Car,* 57 NY2d 198). Moreover, once a contractual relationship was entered into between the parties, that contract defined the scope of the duties owed to the plaintiff, and, without a special relationship out of which a separate and distinct legal duty sprang, the plaintiff cannot maintain a separate tort cause of action *(see, Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382; *see also, Luxonomy Cars v Citibank,* 65 AD2d 549). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.