■ In the Matter of GOSSETT MITCHELL, Respondent, v NEW YORK MEDICAL COLLEGE et al., Appellants. [617 NYS2d 894] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellants, New York Medical College and Carl P. Adler, dated October 19, 1993, expelling the petitioner from medical school, the appeal, by permission, is from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 24, 1994, which denied the appellants' motion to dismiss the proceeding, granted the petition without prejudice, and directed the appellants to conduct a hearing with regard to the petitioner's misrepresen-

tations concerning the grades he received at another educational institution.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the determination is confirmed, and the proceeding is dismissed on the merits.

Inasmuch as the determination to dismiss the petitioner from medical school based on his misrepresentations regarding the grades he previously received at another school "was based upon the exercise of honest discretion after a full review of the operative facts, it was neither arbitrary nor capricious so as to warrant judicial intervention" *(Matter of Galiani v Hofstra Univ.,* 118 AD2d 572; *see, Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956, *revg* 98 AD2d 58, 67-73, for reasons stated in dissent of Kassal, J., at App Div; *Matter of Carr v St. John's Univ.,* 17 AD2d 632, 634, *affd* 12 NY2d 802). The petitioner's contention that he was entitled to a formal hearing pursuant to the provisions of the medical school's student handbook is without merit. The section of the handbook upon which the petitioner relies is clearly aimed at misconduct committed by an individual while a student at the medical school, whereas the fraudulent acts committed by the petitioner in this case occurred prior to, and were intended to facilitate, his admission to the school. The record supports the appellants' contention that the settled policy and practice of the school is to summarily dismiss any student who engages in such misrepresentations, and the Supreme Court erred in finding that the school had at some point intended to afford the petitioner a hearing on the issue.

The petitioner's remaining contentions are without merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.