■ SALIM ESMAIL, Appellant, v STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER AT BROOKLYN, Respondent. [633 NYS2d 117] —Order, Supreme Court, New York County (Martin Stecher, J.), entered November 1, 1994, which, in a proceeding pursuant to CPLR article 78 to annul respondent medical school's determination dismissing petitioner as a student, granted respondent's cross motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The record contains ample basis for a finding that respondent relied on appropriate academic criteria in dismissing petitioner, that petitioner's academic performance was deficient as measured by respondent's standards, and that no procedural irregularities affected respondent's determination. Absent a showing of such irregularities, we defer to respondent's academic judgment (*see, Matter of Susan M. v New York Law School*, 76 NY2d 241), and like the IAS Court, take particular note of concerns that guide a medical school's decision whether or not to graduate a student.

Petitioner's discrimination claims under the Americans with Disabilities Act and Vocational Rehabilitation Act, advanced on the basis that as a drug addict he is entitled to protection, are premature since petitioner never complied with the administrative rules for commencing such challenges (*see, Pappas v Bethesda Hosp. Assn.*, 861 F Supp 616, 622), and in any event without merit. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.