■ In the Matter of JOSEPH GILBERT, Appellant, v STATE UNIVERSITY OF NEW YORK AT STONY BROOK et al., Respondents. [899 NYS2d 853]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents State University of New York at Stony Brook, State University of New York at Stony Brook, School of Medicine, and Richard N. Fine to reinstate the petitioner as a student at the respondent State University of New York at Stony Brook, School of Medicine, the appeal is from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated December 15, 2008, and (2) a judgment of the same court entered August 5, 2009, which, upon the order, denied the amended petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In November 2007, the petitioner, a third-year student at the respondent State University of New York at Stony Brook, School of Medicine (hereinafter the medical school), was dismissed from the medical school. Thereafter, he commenced this CPLR article 78 proceeding seeking, inter alia, to compel the respondents to reinstate him.

"Judicial review of the determinations of educational institutions regarding the academic performance of students is limited to the question of 'whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute' " (*Matter of Williams v State Univ. of N.Y.—Health Science Ctr. at Brooklyn*, 251 AD2d 508 [1998], quoting *Matter of Susan M. v New York Law School*, 76 NY2d 241, 246 [1990]).

Here, the record indicates that the petitioner's academic performance was deficient as measured by the medical school's standards, and that the petitioner failed a clerkship while on academic probation. Thus, contrary to the petitioner's contention, the determination to dismiss him was properly based upon academic considerations, and was not arbitrary and capricious (*see Matter of Williams v State Univ. of N.Y.—Health Science Ctr. at Brooklyn*, 251 AD2d at 508; *Matter of Jeudy v City Coll. of N.Y.*, 233 AD2d 127 [1996]; *Esmail v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 220 AD2d 328 [1995]; *Matter of Rafman v Brooklyn Coll. of City Univ. of N.Y.*, 212 AD2d 795, 796 [1995]).

The petitioner's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.