730

[932 NE2d 876, 906 NYS2d 520]

LEONARD EIDLISZ, Respondent, v NEW YORK UNIVERSITY et al., Appellants.

Argued June 1, 2010; decided June 24, 2010

### APPEARANCES OF COUNSEL

*Office of General Counsel, New York University*, New York City (*Nancy Kilson* of counsel), for appellants.

*Orans Elsen Lupert & Brown LLP*, New York City (*Robert L. Plotz* and *Leslie A. Lupert* of counsel), for respondent.

*Hogan & Hartson, LLP*, New York City (*R. Brian Black* and *Martin Michaelson* of counsel), *Ada Meloy*, Washington, D.C., and *Jessie Brown* for American Council on Education and others, amici curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by denying plaintiff's motion for summary judgment and, as so modified, affirmed.

In this breach of contract action, plaintiff seeks an order compelling defendants to award him a degree. Defendants maintain that this action should have been brought as a CPLR article 78 proceeding and is therefore time-barred. Plaintiff moved for summary judgment granting him specific performance, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion, granted defendants' cross motion, and dismissed the complaint. The court concluded that the case should have been brought as an article 78 proceeding and was untimely. The Appellate Division reversed, denied defendants' cross motion, granted plaintiff's motion, and directed defendants to award plaintiff a degree, diploma and any authorizations necessary to allow him to take the dental boards. This Court granted defendants leave to appeal.

The lower courts erred in reaching their respective conclusions. On this record, defendants have not established that they are entitled to the benefit of the statute of limitations defense applicable to an article 78 proceeding. Further, contrary to the determination of the Appellate Division, there are issues of fact

as to whether defendants' decision to deny plaintiff a degree was based on purely financial considerations, or whether academic considerations were involved. More information is necessary in order to ascertain whether there was an implied contract between the parties and, if so, whether the parties satisfied their respective obligations under such implied agreement. If, however, defendants' decision was in fact based upon plaintiff's academic performance, the action should have been brought as a proceeding under article 78, subject to review solely for arbitrariness or irrationality (*see Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 413-414 [1980]), and would be untimely.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.