■ In the Matter of SYED BILAL RAZA RIZVI, Appellant, v NEW YORK COLLEGE OF OSTEOPATHIC MEDICINE OF NEW YORK INSTITUTE OF TECHNOLOGY, Respondent. [950 NYS2d 754]—

In a proceeding pursuant to CPLR article 78 to review a determination of New York College of Osteopathic Medicine of New York Institute of Technology dated August 10, 2009, expelling the petitioner as its student and to compel New York College of Osteopathic Medicine of New York Institute of Technology to reinstate the petitioner as a student, to take all action necessary to enable the petitioner to register for and take the COMLEX Level II CE examination, and, in the event he passes the examination, to confer upon him the degree of Doctor of Osteopathic Medicine, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCarty III, J.), dated April 28, 2010, which, upon an order of the same court entered March 22, 2010, granting the motion of New York College of Osteopathic Medicine of New York Institute of Technology pursuant to CPLR 3211 (a) (1) and (7) and 7804 (f) to dismiss the petition, dismissed the proceeding. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law and the facts, with costs, the motion to dismiss the petition is denied, the petition is reinstated and granted, and New York College of Osteopathic Medicine of New York Institute of Technology is directed to reinstate the petitioner as a student, to take all action necessary to enable the petitioner to register for and take the COMLEX Level II CE examination one time within 120 days of this decision and order and, in the event that the petitioner passes the examination, to confer upon him the degree of Doctor of Osteopathic Medicine, and the order is modified accordingly.

The petitioner enrolled as a student at New York College of Osteopathic Medicine of New York Institute of Technology (hereinafter NYCOM) on August 18, 2003. All NYCOM students were required to complete graduation requirements within six years from their date of enrollment.

In October 2007, during his fourth year at NYCOM, the petitioner was informed by one of the academic deans that his passing grades in two clinical rotations, or clerkships, were being changed to failures, due to deficiencies in his attendance and allegations that he had falsified his attendance records for those two rotations. As a result of failing those two clinical rotations, the petitioner was initially expelled from NYCOM as a student. The petitioner internally appealed his expulsion twice, and was reinstated on academic probation, on the condition that, by May 2009, he complete and achieve passing grades in all clerkships as scheduled. In accordance with the conditions imposed upon his probation and reinstatement, the petitioner's failure to do so would result in his expulsion from NYCOM, without the right to an internal appeal.

By May 2009, the petitioner completed all of his required coursework and clerkships, as well as two of the three required examinations (known as the COMLEX Level I CE and Level II PE) administered by the National Board of Osteopathic Medical Examiners (hereinafter NBOME). He sat for the third required national examination (known as COMLEX Level II CE) in April 2009, but failed it. Upon learning of the failure, the petitioner registered to retake the examination, which was to be next administered on June 29, 2009. On May 12, 2009, the petitioner met with NYCOM Dean Thomas Scandalis, who told him that if he did not pass the examination administered on June 29, 2009, he would be immediately expelled from NYCOM without the right of internal appeal. However, since the petitioner had completed all other graduation requirements, he was permitted to fully participate in the NYCOM graduation ceremonies on May 18, 2009.

In mid-June 2009, the petitioner became ill with the flu. As the test date for the COMLEX Level II CE approached and the petitioner remained ill, he allegedly became convinced that he would be unable to take and pass the examination administered on June 29, 2009. Accordingly, he sought to reschedule his sitting for the examination to July 7, 2009. On June 25, 2009, he received an email from NYCOM Dean Felicia Bruno, who informed him that she had learned of the rescheduled date, and warned him that if he did not take the examination on June 29, 2009, as originally scheduled, he would be automatically dismissed from NYCOM. Despite discussions with Dean Bruno and Dean Scandalis's secretary on June 25, 2009, in which the petitioner informed them that the examination results for the June 29, 2009, and July 7, 2009, administrations of the COMLEX Level II CE examination would both be released by

NBOME on the same day (on or about August 8, 2009—within the six-year deadline to complete his graduation requirements), the petitioner was not permitted to reschedule his sitting for the examination.

Despite his illness, the petitioner took the examination as directed on June 29, 2009, and failed it. After NYCOM received these examination results, it advised the petitioner, in a letter dated August 10, 2009, that he was dismissed as a student from NYCOM, without the right to an internal appeal.

The petitioner commenced this proceeding to review NYCOM's determination to dismiss him as a student and to compel NYCOM to reinstate him as a student for the purposes of allowing him to retake the COMLEX Level II CE examination, to take all action necessary to enable him to register for and take the COMLEX Level II CE examination, and, if he passed it, to award him a degree. NYCOM moved to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7) and 7804 (f). The Supreme Court granted the motion, and dismissed the proceeding. The petitioner appeals. We reverse the judgment, deny the motion, and grant the petition.

We initially note that NYCOM's motion, although denominated as one pursuant to CPLR 3211 (a) (1) and (7) and 7804 (f), presented extensive factual material and arguments addressed to the merits of the petition. Thus, under the particular circumstances of the case, where the dispositive facts were undisputed and the arguments of the parties with respect to the merits of the proceeding were fully set forth in the record before the Supreme Court, it is appropriate that we reach the merits of the petition (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 101-102 [1984]; *Matter of Kuzma v City of Buffalo*, 45 AD3d 1308, 1310-1311 [2007]; *Matter of Laurel Realty, LLC, v Planning Bd. of Town of Kent*, 40 AD3d 857 [2007]), notwithstanding the procedural posture in which this matter reaches us (*cf. Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001 [2007]).

Judicial review of the determinations of educational institutions as to the academic performance of their students is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to statute or the United States or New York Constitutions (*see Matter of Susan M. v New York Law School*, 76 NY2d 241, 246 [1990]; *Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d 774 [2010]; *Matter of Cunningham v Pace Univ.*, 288

AD2d 218 [2001]). Strong policy considerations militate against the intervention of the courts in controversies relating to an educational institution's judgment of a student's academic performance (*see Matter of Susan M. v New York Law School*, 76 NY2d at 245; *Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 416 [1980]; *Matter of Cunningham v Pace Univ.*, 288 AD2d 218 [2001]).

NYCOM does not dispute that the petitioner had completed all coursework and clerkships required for graduation, and had been permitted to participate in graduation ceremonies. The petitioner correctly contends that NYCOM's refusal to allow him to reschedule his sitting for the COMLEX Level II CE examination was arbitrary and capricious. There is no dispute that NYCOM did not write, administer, or grade the COMLEX examinations, which are administered nationally by NBOME. There is also no dispute that students schedule the COMLEX examinations themselves, and are permitted to reschedule them. There is no provision in NYCOM's 2008-2009 student handbook limiting the number of times a student can take the COMLEX examinations, and NYCOM does not dispute that students have more than two opportunities to retake the COMLEX examinations without consequence. Under these particular facts, NYCOM's determination to prohibit the petitioner from rescheduling his sitting for the examination could not be deemed an example of an educational institution's judgment of a student's academic performance.

When, as here, action taken against a student is predicated upon grounds unrelated to academic achievement, the operative standard requires that the educational institution proceed in accordance with its own rules and guidelines. In situations involving nonacademic discipline, when a university "acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion" (*Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632, 634 [1962], *affd* 12 NY2d 802 [1962]; *see also Matter of Harris v Trustees of Columbia Univ.*, 98 AD2d 58, 67 [1983] [Kassal, J., dissenting], *revd for reasons stated in dissent* 62 NY2d 956 [1984]; *Matter of Mitchell v New York Med. Coll.*, 208 AD2d 929, 930 [1994]; *Matter of Galiani v Hofstra Univ.*, 118 AD2d 572 [1986]; *Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d at 634). Therefore, whether the determination of an educational institution involves a student's academic performance, as alleged by NYCOM, or matters unrelated to academic performance, as alleged by the petitioner, a court may review that action to determine if it was arbitrary and capricious.

There is no basis in this record supporting NYCOM's determination to treat the petitioner differently than nonprobationary students in regard to the nationally administered board examinations simply because he was a probationary student. NYCOM did not make it a condition of the petitioner's academic probation that he pass the COMLEX Level II CE examination on his first or second try. The petitioner was only required to complete his clerkships on time, as scheduled, that is, by May 2009. If he did not, he would be dismissed without the right to an internal appeal. Neither the November 27, 2007 letter from Dean Scandalis setting forth the terms of the petitioner's probation, nor the NYCOM student handbook provides that, as a probationary student, the petitioner was required to pass the COMLEX Level II CE examination on his first or second try, that he was not permitted to select his own test date, or that once he scheduled the examination he could not reschedule it.

NYCOM never stated, verbally or in writing, the reasons why it refused to permit the petitioner to take the COMLEX Level II CE examination on July 7, 2009, instead of June 29, 2009. Dean Bruno's letter of June 25, 2009 indicated that she was aware that the petitioner had rescheduled his examination for July 7, 2009 and stated that if he did not take the examination on June 29, 2009 he would be automatically dismissed as a student. No reason was given for this decision, and it was not expressly based on any misconduct or academic failures on the part of the petitioner. There is no written memorialization of the petitioner's conversations with Dean Bruno and Dean Scandalis's secretary, on June 25, 2009, but the petitioner's account of those conversations provides no indication that any reason was given for NYCOM's refusal to let him take the examination on July 7, 2009, rather than June 29, 2009. The record is devoid of any evidence to contradict the petitioner's account of those conversations.

NYCOM was required to proceed in accordance with its own rules and guidelines. The record establishes that NYCOM did not abide by its own rules and guidelines regarding academic probation, as it imposed an additional restriction on the petitioner not articulated in the NYCOM student handbook. NYCOM did not abide by its own six-year deadline for the petitioner's completion of graduation requirements, as it did not permit the petitioner to reschedule the COMLEX Level II CE examination even where the results would be received within the six-year deadline. To the extent that the petitioner's previous misconduct resulted in his probationary status, that prior

misconduct was also not a basis to treat him differently than other students regarding a nationally administered board examination, as the petitioner paid the penalty for any misconduct by being required to abide by the terms of his probation, which did not include a restriction on when or how many times he could take those nationally administered examinations. Accordingly, NYCOM did not abide by its own conditions of probation.

Based on these unique facts, we conclude that NYCOM acted irrationally and, hence, arbitrarily and capriciously in refusing to allow the petitioner to reschedule his sitting for the COMLEX Level II CE examination. An implied contract exists between NYCOM and its students such that if a student complies with the terms prescribed by NYCOM, he or she will obtain the degree which he or she sought (see *Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d at 414; *Vought v Teachers Coll., Columbia Univ.*, 127 AD2d 654 [1987]; *Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632 [1962]). "The essence of the implied contract is that an academic institution must act in good faith in its dealings with its students" (*Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d at 414). NYCOM did not act in good faith in its dealings with the petitioner, who was attempting to comply with the terms prescribed by the institution by taking and passing the COMLEX Level II CE examination before the six-year deadline imposed by NYCOM.

Accordingly, under the circumstances, the petition should have been granted. Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.