■ PAULA CLOGHER, Appellant, v NEW YORK MEDICAL COLLEGE et al., Respondents. [976 NYS2d 198]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered April 10, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, fourth, sixth, seventh, and eighth causes of action in the amended complaint insofar as asserted against the defendant New York Medical College.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the second cause of action insofar as asserted against the defendant New York Medical College, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant New York Medical College.

"An implied contract exists between [a school] and its students such that if a student complies with the terms prescribed by [the school], he or she will obtain the degree which he or she sought" (*Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d 1049, 1054 [2012]; *see Vought v Teachers Coll., Columbia Univ.*, 127 AD2d 654 [1987]). " 'The essence of the implied contract is that an academic institution must act in good faith in its dealings with its students' " (*Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d at 1054, quoting *Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 414 [1980]). "The rights and obligations of the parties as contained in the [school's] bulletins, circulars and regulations made available to the student, become a part of this contract" (*Vought v Teachers Coll., Columbia Univ.*, 127 AD2d at 655).

Here, the allegations set forth in the amended complaint, construed liberally, state a cause of action against the defendant New York Medical College (hereinafter NYMC) to recover damages for breach of contract. The second cause of action set forth in the amended complaint alleged, among other things, that NYMC failed to comply with its obligation to maintain the plaintiff's academic records, that NYMC was required to provide her with a personally tailored program plan as set forth in the student handbook, and that NYMC failed to follow that plan (*see Paladino v Adelphi Univ.*, 89 AD2d 85, 92 [1982]; *cf. Kickertz v New York Univ.*, 110 AD3d 268 [2013]). However, the third cause of action, which alleged breach of the implied duty of good faith and fair dealing, is not a viable cause of action against NYMC because it is duplicative of the second cause of action (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287 [2011]; *compare Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784-785 [2012]).

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the first, fourth, sixth, seventh, and eighth causes of action insofar as asserted against NYMC, as they concern only academic and administrative decisions and should, therefore, have been raised in a proceeding

commenced pursuant to CPLR article 78 (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *Kickertz v New York Univ.*, 110 AD3d 268 [2013]; *Gary v New York Univ.*, 48 AD3d 235, 236 [2008]; *Frankel v Yeshiva Univ.*, 37 AD3d 760 [2007]; *Demas v Levitsky*, 291 AD2d 653, 660 [2002]; *Diehl v St. John Fisher Coll.*, 278 AD2d 816, 817 [2000]; *Risley v Rubin*, 272 AD2d 198 [2000]; *Klinge v Ithaca Coll.*, 244 AD2d 611, 613 [1997]; *Gertler v Goodgold*, 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985]). Since the plaintiff commenced the instant action after the expiration of the four-month statute of limitations period applicable to CPLR article 78 proceedings, her claims are time-barred (*see Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 73 AD3d 634, 635 [2010]; *Bottalico v Adelphi Univ.*, 299 AD2d 443 [2002]; *Gertler v Goodgold*, 107 AD2d 481 [1985]). Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur.