■ HIDEYUKI HOWARD MIYAHARA, Appellant, v MICHAEL MAJSAK et al., Respondents. [985 NYS2d 665]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Walker, J.), entered September 27, 2011, which, among other things, denied his motion "[t]o refund the plaintiff the amount of $38,000 incurred as student loans during the 2009-2010 academic year at New York Medical College," denied that branch of his separate motion which was, in effect, for leave to enter a default judgment upon the defendants' failure to answer or appear in the action, granted that branch of the defendants' cross motion which was for leave to serve a late answer, and, in effect, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that on the Court's own motion, the notice of appeal dated October 24, 2011, is deemed to be a notice of appeal by the plaintiff (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, granted the defendants summary judgment dismissing so much of the complaint as sought to recover monies the plaintiff paid for the summer 2010 semester in the principal sum of $8,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in

granting that branch of the defendants' cross motion which was for leave to serve a late answer. The defendants demonstrated both a reasonable excuse for their brief delay in serving an answer, and potentially meritorious defenses. Moreover, "there is a strong public policy in favor of resolving cases on the merits, and the default was not willful, nor was there a showing of prejudice to the plaintiff[ ]" (*New York & Presbyt. Hosp. v Auto One Ins. Co.*, 28 AD3d 441, 441 [2006]; *see Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc.*, 72 AD3d 762, 763-764 [2010]; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]).

The plaintiff's breach of contract cause of action is predicated, in part, upon allegations that the defendants improperly dismissed him from the Doctor of Physical Therapy Degree Program of the defendant New York Medical College. The Supreme Court properly, in effect, granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint as sought damages incidental to the plaintiff's dismissal from the degree program as time-barred. The plaintiff should have sought such relief in the context of a CPLR article 78 proceeding (*see* CPLR 7806; *Eidlisz v New York Univ.*, 15 NY3d 730, 731-732 [2010]; *Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *Matter of Gross v Perales*, 72 NY2d 231, 235 [1988]; *Kickertz v New York Univ.*, 110 AD3d 268, 276 [2013]), and such proceeding should have been brought within four months after the determination to be reviewed became final and binding (*see Clogher v New York Med. Coll.*, 112 AD3d 574 [2013]; *Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 73 AD3d 634, 635 [2010]; *Gary v New York Univ.*, 48 AD3d 235, 236 [2008]). Here, the plaintiff commenced this action approximately five months after the defendants dismissed him from the subject program.

However, in addition to seeking damages incidental to his dismissal from the subject program, the plaintiff also seeks to recover the $8,000 he alleges he paid for the summer 2010 semester for a course entitled "Clinical Applications of Research." The defendants concede that the plaintiff was rendered unable to attend this course as a result of his dismissal from the subject program before that course commenced. Contrary to the defendants' contention, the plaintiff's claim to recover any monies he paid to attend that course relates to nonacademic matters (*see Wander v St. John's Univ.*, 99 AD3d 891, 893 [2012]; *cf. Eidlisz v New York Univ.*, 15 NY3d at 731). Accordingly, the defendants failed to establish their prima facie entitlement to dismissal of that claim on the ground that it was time-barred.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Dickerson and Chambers, JJ., concur.