[6 NYS3d 900]

MAF MISBAH UDDIN, Appellant, v NEW YORK UNIVERSITY, Respondent.

Supreme Court, Appellate Term, First Department, May 30, 2014

## APPEARANCES OF COUNSEL

*Maf Misbah Uddin*, appellant pro se.

*Bonnie Brier* and *Terrance J. Nolan*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Order, dated October 2, 2013, reversed, with $10 costs, motion denied and complaint reinstated.

The action seeks reimbursement of tuition payments made by plaintiff on behalf of his son, Muhammed, in connection with the latter's enrollment in a London-based study abroad program run by defendant New York University. Considering the endorsed complaint in the light most favorable to plaintiff, as is required on review of a CPLR 3211 motion to dismiss, we find that it asserts actions and omissions by defendant that support a viable breach of contract claim. Defendant's moving submission fell far short of conclusively establishing its claimed defense that Muhammed "withdrew" from his course of study "at his own request" pursuant to a "Leave of Absence Petition" that he filed on November 5, 2009, beyond the fourth week of the academic semester and thus, the argument goes, untimely under defendant's published "Refund Schedule." In so arguing, defendant conveniently omits any reference—either in its motion papers below or its appellate brief to this court—to a November 3, 2009 letter written to Muhammed by one of defendant's London-based employees, indicating, quite to the contrary, that Muhammed's student status in the London program will be "terminate[d]" by the university on November 6, 2009, and advising Muhammed that he "need[ed] to sign . . . a form" (apparently referring to the Nov. 5th leave of absence petition mentioned above) ostensibly placing him on "voluntary medical leave." In this posture, where the so-called leave of absence petition submitted by Muhammed under questionable circumstances does not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]), the endorsed complaint was sufficient to withstand defendant's dismissal motion founded upon documentary evidence.

Nor, on this limited record, did defendant establish as a matter of law its entitlement to the benefit of the statute of limita-

tions defense applicable to a CPLR article 78 proceeding (*see Eidlisz v New York Univ.*, 15 NY3d 730, 731 [2010]).

SCHOENFELD, J.P., SHULMAN and LING-COHAN, JJ., concur.