■ In the Matter of MARILYN ANN ZANELLI, Appellant, v THOMAS B. RICH et al., Respondents. [8 NYS3d 217]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of Thomas B. Rich, Kenneth Saunders, and Nassau Community College dated May 16, 2011, dismissing the petitioner/plaintiff from the nursing program at Nassau Community College on the basis of academic deficiency, and action, inter alia, to recover damages for breach of contract, the petitioner/plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered May 8, 2012, as denied the petition and dismissed the proceeding, and, in effect, dismissed the causes of action alleging breach of contract and a due process violation.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner/plaintiff (hereinafter the petitioner) was a student in the nursing program at Nassau Community College (hereinafter the College). Shortly before graduation, she was dismissed from the program for alleged academic deficiency. Specifically, she was told that she would receive a failing grade in a course designated as Nursing 204, and was given the option instead to withdraw from that course and repeat it. Upon refusing to withdraw from the course, she was dismissed from the program. She commenced this hybrid proceeding and action challenging her dismissal and also seeking damages for, among other things, breach of contract and violation of due process. The Supreme Court denied the petition and dismissed the proceeding, and, in effect, dismissed the complaint. The petitioner appeals.

Unlike disciplinary measures taken against a student, institutional assessments of a student's academic performance, whether in the form of particular grades received or measures taken because a student has been judged to be scholastically deficient, necessarily involve academic determinations requiring the special expertise of educators (*see Matter of Susan M. v New York Law School*, 76 NY2d 241, 245 [1990]; *Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d 1049, 1052 [2012]). Thus, to preserve the integrity of

the credentials conferred by educational institutions, the courts have long been reluctant to intervene in controversies involving purely academic determinations (*see Matter of Susan M. v New York Law School*, 76 NY2d at 245-246). Although determinations made by educational institutions as to the academic performance of their students are not completely beyond the scope of judicial review, that review is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to Constitution or statute (*see id.* at 246; *Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d 774, 774 [2010]; *Matter of Sage v CUNY Law School*, 208 AD2d 751, 751-752 [1994]). Here, the petitioner's professors at the College made a substantive evaluation of her academic capabilities, and found that her clinical skills were not sufficient to pass the course designated as Nursing 204. There is no evidence in the record that the professors' evaluations were made in bad faith or were arbitrary and capricious or irrational. Nor is there any evidence of a violation of the New York or United States Constitution, or any statute (*see Matter of Susan M. v New York Law School*, 76 NY2d at 246; *Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d at 774).

The Supreme Court did not err in dismissing the petitioner's breach of contract cause of action, the essence of which is that the College failed to comply with its internal rules and procedures. That claim is properly asserted and evaluated as a cause of action under CPLR article 78 (*see Miyahara v Majsak*, 117 AD3d 812, 813 [2014]; *Clogher v New York Med. Coll.*, 112 AD3d 574, 575-576 [2013]; *Kickertz v New York Univ.*, 110 AD3d 268, 274-275 [2013]; *cf. Eidlisz v New York Univ.*, 15 NY3d 730, 732 [2010]). Inasmuch as the College's actions were not taken in bad faith, were not arbitrary and capricious, and were not irrational, the Supreme Court properly dismissed the breach of contract cause of action (*cf. Eidlisz v New York Univ.*, 15 NY3d at 732).

The Supreme Court also correctly dismissed the petitioner's cause of action alleging that she was deprived of due process. The requirements of due process are less stringent when a student is dismissed for academic reasons than when a student is dismissed or suspended for disciplinary reasons (*see Board of Curators of Univ. of Mo. v Horowitz*, 435 US 78, 86 [1978]). The petitioner/plaintiff was not entitled to a formal hearing, and the procedure utilized here was adequate (*see id.* at 85-86).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition,

dismissed the proceeding, and, in effect, dismissed the causes of action alleging breach of contract and a due process violation. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.