[27 NYS3d 44]

In the Matter of LEODEGARIO D. SALVADOR, Respondent, v TOURO COLLEGE et al., Appellants.

First Department, March 17, 2016

**APPEARANCES OF COUNSEL**

*Michael Newman*, New York City, for appellants.

*Stewart Lee Karlin Law Group, P.C.*, New York City (*Stewart L. Karlin* and *Daniel E. Dugan* of counsel), for respondent.

**OPINION OF THE COURT**

SAXE, J.

Petitioner commenced this hybrid proceeding seeking a judgment pursuant to CPLR article 78 compelling Touro College Jacob B. Fuchsberg Law Center (Touro Law) to confer upon him an LL.M. degree; he also seeks an award of money damages based on the school's refusal to grant him a degree, claim-

ing breach of contract, fraudulent inducement, negligence and negligent misrepresentation. Supreme Court denied respondents' motion to dismiss, except to the extent of dismissing the negligence claim. On appeal, respondents contend that petitioner's claims for breach of contract, fraudulent inducement and negligent misrepresentation must also be dismissed. We agree, and reverse the motion court's order in those respects.

Touro Law offers two Master of Laws (LL.M.) programs. Its website explains that its General LL.M. program is open to applicants holding law degrees from ABA accredited U.S. law schools, while its LL.M. in U.S. Legal Studies program is open to applicants holding law degrees from foreign universities. The school's application form for its LL.M. programs included the following statement, below the signature line:

> "By signing above, I certify that the statements made in this Application . . . are complete, accurate, and are subject to the rules and regulations contained in the Touro Law Center Code of Conduct. . . . I understand that omission or misrepresentation of facts on this Application may be cause for denial of my admission or for dismissal after enrollment." (Emphasis omitted.)

On January 21, 2011, petitioner submitted his application for admission to Touro's LL.M. program for the spring 2011 semester, and was accepted on the basis of the information provided in his application and an interview with school administrators on that day. Petitioner's application indicated that he had obtained a J.D. degree from Novus University School of Law, where he studied from 2009 to 2011. The application also indicated that petitioner was born in the Philippines and obtained a B.A. degree from Northeastern College in 1974.

During the admission interview, according to petitioner's affidavit, professor Daniel Derby, who was the director of the LL.M. program, observed to him that "both the LLB and the JD *taken in Philippine universities* are acceptable in the United States" (emphasis added). At that time, petitioner did not submit his law school transcript; his Novus transcript was not supplied to Touro until April 4, 2011, by which time petitioner had been accepted into, and begun, Touro Law's LL.M. in U.S. Legal Studies program. He took classes during the spring 2011, summer 2011 and fall 2011 semesters, reaching the 27-credit graduation requirement in time for January 2012 graduation.

According to the petition, he was not informed until January 26, 2012 that Touro would not award him an LL.M. The registrar of Touro Law, Paula Kutch, explains in her affidavit that petitioner had been admitted based upon the erroneous belief that Novus University School of Law was a foreign law school physically located in the Philippines, petitioner's home country, when in fact, Novus is solely an online school. Consequently, Touro's registrar explains, petitioner had not been eligible to be admitted to Touro's LL.M. program at the time he applied and was accepted, and is not eligible to receive an LL.M. degree.

Petitioner acknowledged, in his affidavit on the motion, that a conversation took place between him and professor Derby in early September 2011, in which some question was raised with him regarding his status. However, he asserted that it was only later that he was informed that he would not be eligible for a degree because Novus Law School is an online school rather than a foreign law school.

According to Kutch, petitioner was first informed in September 2011 by professor Derby, that his admission had been in error due to this misunderstanding, and that he was not eligible for an LL.M. degree. Kutch stated that according to a memorandum written by professor Derby in September 2011,[1] petitioner was at that time offered the option of a tuition refund, but opted to continue with the program as a non-matriculated student so that he could qualify to take the District of Columbia bar exam. She further explained that had the school's admissions personnel seen petitioner's official Novus transcript at the time his application was considered, or had petitioner corrected professor Derby's affirmatively-stated misunderstanding at his interview, they would have known at the outset that petitioner was not eligible for admission to Touro's LL.M. program, and would not have admitted him.

On January 19, 2012, the date that petitioner was scheduled for his graduation interview, the registrar first discovered that petitioner's admission to Touro Law was based on a factual error, and, after speaking to professor Derby, changed petitioner's status to "non-matriculated per Dan Derby." Petitioner was thereafter notified. Petitioner protested that Novus Law School

---

1. The Kutch affidavit refers to a memorandum by prof. Derby being attached as an exhibit; however, no such exhibit was included in the submitted record.

should be considered a foreign law school, but Touro rejected that argument.

Petitioner then brought this proceeding. In the motion now before us, respondents moved to compel arbitration and, in the alternative, for dismissal. At issue on this appeal is the denial of respondents' motion to dismiss the petition.[2]

Initially, schools are entitled to set the academic eligibility requirements for those seeking to attend their programs (*see e.g. Matter of Fulton-Montgomery Community Coll. v County of Saratoga*, 80 AD3d 217 [3d Dept 2010], *lv denied* 16 NY3d 708 [2011]). If a school discovers that an admitted student does not meet those prerequisites, the school must have the right to deny a degree to that student, even if the discovery is made after the student has already completed the course work (*see Owens v Parrinello*, 365 F Supp 2d 353 [WD NY 2005]). In *Owens*, a change in governing regulations caused a community college to be unable to award an Associate's degree to the plaintiff student although he had completed all the requisite course work, because he lacked either a high school diploma or a G.E.D.

Here, while there was no regulatory change as there was in *Owens*, eligibility requirements existed from the outset, that petitioner either knew or should have known, regarding the types of schools an applicant must have attended for purposes of each LL.M. program; notably, those requirements were apparent from even a cursory reading of the school's website regarding those programs. While online schooling is becoming more prevalent, and it may, in the future, become an acceptable alternative to a degree from a so-called "brick and mortar" school, we are bound by the eligibility rules and prerequisite requirements established by the educational institution.

Not only was petitioner ineligible to attend the program he attended, but two acts on his part prevented that fact from coming to the school's attention at the time of his admission. First, his official law school transcript was not supplied until months after his admission, preventing the school from discerning from the outset the true nature of that institution. Second, he did not correct professor Derby's apparent misapprehension that Novus was located in the Philippines, thereby knowingly

---

**2.** The denial of the branch of the motion to compel arbitration, and the grant of dismissal of petitioner's negligence cause of action, are not challenged here.

allowing the admissions officials to admit him on the basis of inaccurate information.

■ With regard to the contract cause of action, petitioner relies on case law holding that "there exists an implied contract between the institution and its students such that if the student complies with the terms prescribed by the institution, he will obtain the degree which he sought" (*Eidlisz v New York Univ.*, 61 AD3d 473, 475 [1st Dept 2009] [internal quotation marks omitted], *affd as mod* 15 NY3d 730 [2010]; *see also Vought v Teachers Coll., Columbia Univ.*, 127 AD2d 654 [2d Dept 1987]). However, even assuming that such an implied contract might have been formed here, a school has the authority to rescind a student's admission or to dismiss a student from the school, even after course work has begun or been completed, where there were material misrepresentations or omissions in the student's application (*see Matter of Powers v St. John's Univ. Sch. of Law*, 25 NY3d 210 [2015]; *Matter of Mitchell v New York Med. Coll.*, 208 AD2d 929 [2d Dept 1994], *appeal dismissed* 85 NY2d 856 [1995]). In *Mitchell*, the student had misrepresented the grades he previously received at another school; in *Powers*, the student had both omitted and misrepresented information in his school application regarding whether he had ever been charged with or found guilty of any crime. Although petitioner here did not affirmatively or explicitly misrepresent facts on his application, he omitted the critical fact that the school from which he had received his J.D. degree was not a foreign law school, which fact disqualified him from eligibility for entry into the LL.M. program. By submitting the application, petitioner was implicitly stating that he satisfied the program's prerequisites for attendance, in particular, the requirement that he had attended a foreign law school. Indeed, he did more than omit that information; he allowed respondents to proceed with his admission knowing that they harbored a misconception regarding the nature of the institution that had awarded him a J.D. degree.

Petitioner knew or should have known from the outset that (1) to be eligible for the program to which he applied, he had to have graduated from a foreign law school, and (2) on the date he was admitted, Touro's administrators had incorrectly concluded that Novus was a law school located in the Philippines. Since petitioner's admission was based upon an omission of a material fact of which petitioner was aware, petitioner's conditional admission was falsely obtained. Pursuant to

the school's code of conduct, the terms of the application and the law, the school had no contractual obligation to award a degree under these circumstances.

■ Petitioner's tort claims should have been dismissed as well. "To state a claim for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (*GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]; *see also Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173 [2011]). Further, the elements of the claim must be pleaded in detail (*see* CPLR 3016 [b]). Petitioner's fraudulent inducement claim fails as his allegations do not give rise to a reasonable inference that Touro Law was aware of the falsity of any implied agreement to confer an LL.M. degree (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

■ "A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *see also Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 180). Petitioner's negligent misrepresentation claim fails in the absence of a "special relationship . . . requiring a duty of full and complete disclosure" (*Gomez-Jimenez v New York Law Sch.*, 103 AD3d 13, 18 [1st Dept 2012], *lv denied* 20 NY3d 1093 [2013]).

Accordingly, the order of the Supreme Court, New York County (Eileen A. Rakower), entered October 20, 2014, which, insofar as appealed from as limited by the briefs, denied respondents' motion to dismiss the causes of action for breach of contract, fraudulent inducement and negligent misrepresentation, should be reversed, on the law, without costs, and the motion granted.

TOM, J.P., RENWICK and MOSKOWITZ, JJ., concur.

Order, Supreme Court, New York County, entered October 20, 2014, reversed, on the law, without costs, and respondents' motion to dismiss the causes of action for breach of contract, fraudulent inducement and negligent misrepresentation, granted.