◼ In the Matter of KRISTINA KHAROUBA, Appellant, v NEW YORK COLLEGE OF OSTEOPATIC MEDICINE OF NEW YORK INSTITUTE OF TECHNOLOGY, Respondent. [28 NYS3d 453]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York College of Osteopathic Medicine of New York Institute of Technology dated April 11, 2014, dismissing the petitioner as its student and to compel it, inter alia, to reinstate the petitioner as a student in good standing, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brown, J.), entered March 26, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this CPLR article 78 proceeding against New York College of Osteopathic Medicine of New York Institute of Technology (hereinafter NYCOM) to review NYCOM's determination dismissing her as a student, and to compel NYCOM to reinstate her as a student in good standing, to take all action necessary to enable the petitioner to register for and take the COMLEX Level II CE examination, and, in the event she passes the examination, to confer upon her the degree of Doctor of Osteopathic Medicine. In a judgment entered March 26, 2015, the Supreme Court denied the petition and dismissed the proceeding.

Judicial review of determinations made by educational institutions as to the academic performance of their students is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to Constitution or statute (see Matter of Zanelli v Rich, 127 AD3d 774, 775 [2015]; Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d 1049, 1051 [2012]; Matter of Gilbert v State Univ. of N.Y. at Stony Brook, 73 AD3d 774, 774 [2010]). "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance" (Matter of Susan M. v New York Law School, 76 NY2d 241, 245 [1990]; see Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d at 1052; Matter of Cunningham v Pace Univ., 288 AD2d 218 [2001]).

Here, the petitioner was dismissed from NYCOM for failing to pass the COMLEX Level II CE examination prior to the completion of her academic leave of absence, as required by NYCOM's policy. Therefore, contrary to the petitioner's contention, the determination to dismiss her from NYCOM was properly based upon academic considerations, and was not arbitrary and capricious, irrational, made in bad faith, or contrary to Constitution or statute (*see Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d at 775; *Matter of Williams v State Univ. of N.Y.—Health Science Ctr. at Brooklyn*, 251 AD2d 508 [1998]; *Matter of Hendessi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 36 Misc 3d 1241[A], 2012 NY Slip Op 51787[U] [Sup Ct, NY County 2012]; *cf. Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d at 1052-1054). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.