■ In the Matter of Maurice Daniel, Appellant, v Brooklyn Law School, Respondent. [60 NYS3d 308]——

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of Brooklyn Law School denying the petitioner's request, inter alia, to change two grades, the petitioner appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), dated June 8, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a former student at the respondent, Brooklyn Law School (hereinafter BLS), commenced this CPLR article 78 proceeding, inter alia, in effect, to review BLS's determination denying his request to change grades he received in two courses from "F" to "W" and to issue a letter stating that his dismissal from the law school was the result of missing two final exams due to illness rather than a lack of capacity to complete a course of legal study. In the judgment appealed from, the Supreme Court denied the petition and, in effect, dismissed the proceeding.

Unlike disciplinary measures taken against a student, institutional assessments of a student's academic performance, whether in the form of particular grades received or measures taken because a student has been judged to be scholastically deficient, necessarily involve academic determinations requiring the special expertise of educators (*see Matter of Susan M. v New York Law School*, 76 NY2d 241, 245 [1990]; *Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d 1049, 1052 [2012]). Thus, to preserve the integrity of the credentials conferred by educational institutions, courts have long been reluctant to intervene in controversies involving purely academic determinations (*see Matter of Susan M. v New York Law School*, 76 NY2d at 245-246; *Matter of Zanelli v Rich*, 127 AD3d 774, 775 [2015]). Although determinations made by educational institutions as to the academic perform-

ance of their students are not completely beyond the scope of judicial review, that review is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to constitution or statute (*see Matter of Susan M. v New York Law School*, 76 NY2d at 246; *Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d 774, 774 [2010]; *Matter of Sage v CUNY Law School*, 208 AD2d 751, 751-752 [1994]).

Here, the petitioner did not submit any evidence establishing that he complied with BLS's policy for missing an exam due to illness. Pursuant to BLS's policy, since the petitioner failed to take two final exams, failed to promptly notify the Registrar that he was unable to take those exams due to illness, and failed to submit medical documentation of his illness necessary to schedule make-up exams, he received a failing grade in each course. BLS's determination to let the petitioner's failing grades stand and to refuse to allow him to withdraw from those courses so as to avoid the failing grades was not arbitrary and capricious, irrational, made in bad faith, or contrary to constitution or statute (*see Matter of Zanelli v Rich*, 127 AD3d at 775; *Matter of Gilbert v State Univ. of N.Y. at Stony Brook*, 73 AD3d at 775; *Matter of Williams v State Univ. of N.Y.—Health Science Ctr. at Brooklyn*, 251 AD2d 508 [1998]; *Matter of Sage v CUNY Law School*, 208 AD2d at 751-752).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.