Harris v Dutchess County Bd. of Coop. Educ. Servs. (2019 NY Slip Op 01749)





Harris v Dutchess County Bd. of Coop. Educ. Servs.


2019 NY Slip Op 01749


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-00317
 (Index No. 50312/14)

[*1]James Harris, et al., appellants, 
v
Dutchess County Board of Cooperative Educational Services, et al., respondents.


Sussman and Associates, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellants.
Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Paul I. Marx, J.), dated November 4, 2015. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs are graduates of a welding and fabrication program (hereinafter the program) offered by the defendant Dutchess County Board of Cooperative Educational Services (hereinafter BOCES). The plaintiffs allege that BOCES and the individual defendants made false representations to the plaintiffs regarding their ability to obtain certification from the American Welding Society (hereinafter the AWS) upon completion of the program and passing an AWS national competency examination.
We agree with the Supreme Court's determination that the fourth cause of action, which alleges negligent misrepresentation, is not predicated on allegations of educational malpractice, which are not actionable (see Torres v Little Flower Children's Servs., 64 NY2d 119; Donohue v Copiague Union Free School Dist., 47 NY2d 440; Paladino v Adelphi Univ., 89 AD2d 85). While we disagree with the court's rationale for directing the dismissal of the fourth cause of action, nevertheless, the fourth cause of action fails in that the plaintiffs do not sufficiently allege a special or privity-like relationship between the parties imposing a duty on the defendants (see Matter of Salvador v Touro Coll., 139 AD3d 1; Gomez-Jimenez v New York Law Sch., 103 AD3d 13). Accordingly, we agree that the fourth cause of action should have been dismissed, albeit for a reason different from that relied upon by the court.
The plaintiffs' remaining contentions are without merit or need not be determined in light of our determination.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court