Rogoff v Long Is. Univ. (2022 NY Slip Op 04988)

Rogoff v Long Is. Univ.

2022 NY Slip Op 04988

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-02264
 (Index No. 510388/19)

[*1]Edward Rogoff, respondent, 
v
Long Island University, appellant.

Clifton Budd & DeMaria, LLP, New York, NY (Douglas P. Catalano, Stefanie R. Toren, and Stephen P. Pischl of counsel), for appellant.
Bantle & Levy LLP, New York, NY (Robert L. Levy and H. David Krauss of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, employment discrimination on the basis of age in violation of the New York State Human Rights Law and New York City Human Rights Law, and unlawful retaliation, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 10, 2020. The order denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211(a).
ORDERED that the order is affirmed, with costs.
The plaintiff, a professor and a former Dean, commenced this action against his employer, the defendant, Long Island University, to recover damages for breach of the terms of his employment contract, as well as age-based employment discrimination in violation of the New York State Human Rights Law (Executive Law § 296; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL). The plaintiff also sought to recover damages for retaliation in violation of the NYSHRL and NYCHRL, alleging that when the plaintiff objected to the allegedly discriminatory practices, the defendant took further adverse employment actions against him. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated January 10, 2020, the Supreme Court denied the motion. The defendant appeals.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [internal quotation marks omitted]; see Wander v St. John's Univ., 99 AD3d 891, 893). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38). "Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38).
Contrary to the defendant's contention, while it is true that often "administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters" (Maas v Cornell Univ., 94 NY2d 87, 92), the fact that the defendant is an educational institution does not automatically necessitate that relief was limited to that afforded by CPLR article 78 (see Matter of Monaco v New York Univ., 145 AD3d 567, 568; Miyahara v Majsak, 117 AD3d 812, 813; Wander v St. John's Univ., 99 AD3d 891). Since the causes of action to recover damages for breach of contract and various violations of the NYSHRL and the NYCHRL specifically relate to nonacademic matters for which recovery may be sought in a plenary action, and as the complaint otherwise sufficiently pled those causes of action, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(7) (see Eidlisz v New York Univ., 15 NY3d 730, 731-732; O'Neill v New York Univ., 97 AD3d 199; Fils-Aime v Ryder TRS, Inc., 40 AD3d 914, 915).
Moreover, although the defendant also sought dismissal pursuant to CPLR 3211(a)(1), it failed to submit documentary evidence which "utterly refuted the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 978).
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court