New York Alpha of Phi Kappa Psi Assn., Inc. v Cornell Univ. (2024 NY Slip Op 06090)

New York Alpha of Phi Kappa Psi Assn., Inc. v Cornell Univ.

2024 NY Slip Op 06090

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1096
[*1]New York Alpha of Phi Kappa Psi Association, Inc., Appellant,
v
Cornell University, Respondent.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Crossmore & Tiffany, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Donica Thomas Varner, Cornell University, Ithaca (Adam G. Pence of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Elizabeth E. Aherne, J.), entered May 31, 2023 in Tompkins County, which granted defendant's motion to dismiss the complaint.
At issue in this case is the parties' legal interests in a multi-million-dollar fraternity house, known as The Gables, located on defendant's university campus at 525 Stewart Avenue in the City of Ithaca, Tompkins County. Although it is on real estate owned by defendant, plaintiff claims that The Gables was built and maintained entirely at plaintiff's expense and plaintiff has, by contract, the exclusive right to use it. Defendant argues that any rights plaintiff may have had to use the property have been extinguished and that Supreme Court properly dismissed plaintiff's complaint as time-barred. Plaintiff appeals.[FN1]
Plaintiff (and its predecessors in interest, collectively referred to as plaintiff) is a nonprofit corporation that serves as the alumni network and support group for the undergraduate chapter of the Phi Kappa Psi fraternity (hereinafter the Chapter) at defendant's campus. Plaintiff has a long-standing history with defendant, dating back to 1869. As relevant here, in 1915 plaintiff purchased a residence at 312 Thurston Avenue in Cayuga Heights, near defendant's campus, for use by its local chapter as a fraternity house. In 1963, plaintiff sold the Thurston Avenue property to defendant for $105,000, as part of a plan to raise funds to construct a new fraternity house. Thereafter, plaintiff used those funds, together with money raised through donations and loans, to build The Gables on property owned by defendant. According to plaintiff, it has invested $10 million in present value terms to build, expand and maintain the property.
On April 16, 1966, defendant issued the Cornell University Residence Plan (hereinafter CURP),[FN2] which caused plaintiff concern regarding the "security" of its investment in The Gables. To address plaintiff's concerns, on April 23, 1966 defendant's vice president of student affairs sent a letter to plaintiff's president assuring him that "our intention is to use the [CURP] of 1966 as an equivalent of the title security Phi Kappa Psi held at its former [privately owned] residences." Shortly thereafter, the parties entered into an agreement (hereinafter the Agreement), which is at the heart of the current dispute. The Agreement provided that "the occupancy and possession of the University-owned [fraternity house] shall be in perpetuity upon good behavior of the [members of the Chapter], and if upon the suspension or termination of said [Chapter], the [fraternity house] and its curtilage, shall be reserved for reorganization of the same [Chapter] by the [plaintiff], here contracted with."
On October 24, 2019, the Chapter hosted a "dirty rush" event, at which freshman attended and alcohol was served. Tragically, one attendee was later found dead in a gorge about one-half mile from the fraternity house, resulting in a lawsuit being filed against plaintiff[*2], defendant and others in January 2020. Later, in September 2020, defendant permanently revoked its recognition of plaintiff as a campus fraternity. In response, plaintiff created a plan to use the fraternity house as student veteran housing. However, defendant declined to adopt plaintiff's proposal in order to, according to plaintiff, offer the house to a different fraternity. Plaintiff then commenced this action, in December 2022, alleging that defendant violated the Agreement by not reserving the fraternity house for a future chapter of plaintiff. Defendant moved pre-answer to dismiss the complaint, and Supreme Court granted defendant's motion. The court concluded that plaintiff's breach of contract claim was time-barred, ruling that the "true nature" of plaintiff's claim is a challenge to defendant's disciplinary decision and, therefore, it is subject to the four-month statute of limitations applicable to CPLR article 78 proceedings. Supreme Court also ruled that plaintiff's breach of contract cause of action must be dismissed because documentary evidence demonstrates that plaintiff "will never be returning to campus and can never again have the requisite good behavior [so, therefore,] [d]efendant cannot be in breach of the parties' agreement by failing to reserve 525 Stewart or failing to permit [p]laintiff to reorganize."
We agree with plaintiff that Supreme Court erred in dismissing plaintiff's breach of contract cause of action. Contrary to defendant's contention, while it is true that often in " 'so-called university cases' " reviewing a university's administrative decisions,
" 'CPLR article 78 proceedings are the appropriate vehicle . . . , not a plenary action' " (Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d 1653, 1655 [3d Dept 2019], quoting Maas v Cornell Univ., 94 NY2d 87, 92 [1999]), the fact that the defendant is an educational institution does not automatically necessitate that relief is limited to that afforded by CPLR article 78 (see Rogoff v Long Is. Univ., 208 AD3d 700, 701 [2d Dept 2022]; Matter of Monaco v New York Univ., 145 AD3d 567, 568 [1st Dept 2016]; Wander v St. John's Univ., 99 AD3d 891, 893 [2d Dept 2012]). Here, there is no administrative determination at issue. Rather, the complaint specifically alleges that defendant violated the Agreement by "prohibiting [p]laintiff from using or controlling who occupies" the fraternity house, as the Agreement reserved plaintiff's right to reorganize and reenter it. While plaintiff's claim is certainly tied to the decision to permanently revoke plaintiff's recognition, it is not a challenge thereto. Plaintiff is a deep-rooted group in the university community, and it has interests beyond keeping its current members in school and its flag on campus for the coming school year. In the future, a different administration of defendant might allow for plaintiff's return, where the Chapter will have new members unaffiliated with previous members. This concern [*3]is distinct from trying to retain short-term status by challenging defendant's disciplinary decision. Since the cause of action to recover damages for breach of contract specifically relates to nonacademic matters, for which recovery may be sought in a plenary action, Supreme Court erred in dismissing the first cause of action as time-barred (see Rogoff v Long Is. Univ., 208 AD3d at 701; compare Doe v State Univ. of N.Y., Binghamton Univ., 201 AD3d 1075, 1076-1077 [3d Dept 2022]; Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d at 1656; Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166, 1168 [2d Dept 2012]).
Finally, although defendant also sought dismissal pursuant to CPLR 3211 (a) (1), it failed to submit documentary evidence that "utterly refute[d] the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 978 [2d Dept 2019] [internal quotation marks, brackets and citation omitted]; compare DerOhannesian v City of Albany, 110 AD3d 1288, 1290 [3d Dept 2013], lv denied 22 NY3d 862 [2014]; Rosen v Vassar Coll., 135 AD2d 248, 251-525 [3d Dept 1988], lv denied 72 NY2d 805 [1988]). Defendant argues that section 12 of the 1966 CURP entitled it to "terminat[e]" plaintiff's rights to The Gables for misconduct. Plaintiff, on the other hand, disputes the authenticity of the CURP advanced by defendant, arguing that the copy of it provided to plaintiff as part of the Agreement did not contain the termination provision. Moreover, although the version of the CURP submitted by defendant in this litigation does contain a termination provision, the Agreement provides that plaintiff has the right to use the property "in perpetuity upon good behavior" and that, in the event of the fraternity's "suspension or termination," the property "shall be reserved for reorganization" by plaintiff. "Ambiguity exists wherever a reasonable difference of opinion may exist to the meaning of the contract language and, if ambiguity exists, a motion to dismiss must be denied to permit the parties to discover and present extrinsic evidence of the parties' intent" (Harris v Reagan, 161 AD3d 1346, 1349 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]). Here, there is a factual dispute as to whether the version of the CURP provided to plaintiff with the Agreement contained the termination clause. If it did not, then a question is presented as to what the parties intended by that omission. In any event, because the termination provision of the CURP seemingly conflicts with the "in perpetuity" provision of the Agreement, plaintiff is entitled to discovery and the opportunity to present extrinsic evidence as to the parties' intent. For these reasons, we find that Supreme Court erred in granting defendant's motion to dismiss plaintiff's breach of contract cause of action.
Aarons, J.P., Reynolds Fitzgerald, Fisher and [*4]McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by denying that part of the motion seeking to dismiss the breach of contract cause of action; said cause of action is reinstated; and, as so modified, affirmed.

Footnotes

Footnote 1: Although plaintiff pleaded five causes of action, on appeal it limits its argument to its first, for breach of contract. Accordingly, plaintiff's remaining causes of action are deemed abandoned (see Matter of Ryan, 226 AD3d 1183, 1186 [3d Dept 2024]).

Footnote 2: This replaced defendant's 1952 Group Housing Plan, which, according to plaintiff, provided that fraternities participating in the plan would have an "indefinite" lease on their fraternity house, "subject to good behavior and, on occasions of misconduct, the [fraternity] could be reorganized." Plaintiff asserts that this commitment is why it sold its Thurston Avenue property to defendant "at a discount price advantageous to [defendant]" and constructed The Gables on property owned by defendant.