Farah v City of New York (2025 NY Slip Op 04978)

Farah v City of New York

2025 NY Slip Op 04978

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-07036
 (Index No. 522405/23)

[*1]James Farah, appellant, 
v
City of New York, et al., respondents, et al., defendants.

Jimmy Wagner, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Deborah Brenner, and Claude S. Platton of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated March 1, 2024. The order, insofar as appealed from, granted the motion of the defendants City of New York, New York City Police Department, Michael Melocowski, and New York City Department of Health and Mental Hygiene pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants City of New York, New York City Police Department, Michael Melocowski, and New York City Department of Health and Mental Hygiene (hereinafter collectively the defendants) to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296), the New York City Human Rights Law (NYCHRL) (Administrative Code of the City of New York § 8-107), and the Free Exercise Clause of the New York Constitution, as well as asserting causes of action alleging intentional infliction of emotional distress, aiding and abetting violations of the NYSHRL and the NYCHRL, and the "intentional tort of forcing unwanted medical care on [the] plaintiff," and for attorneys' fees. The complaint also asserted a cause of action for certain declaratory relief with respect to a mandate issued in October 2021 by the New York City Commissioner of Mental Health requiring all City employees, among others, to provide proof of COVID-19 vaccination (hereinafter the vaccine mandate). The defendants moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated March 1, 2024, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.
A plaintiff alleging discrimination by a public employer can proceed either pursuant to CPLR article 78 or by a plenary action (see Koerner v State of N.Y., Pilgrim Psychiatric Ctr., 62 NY2d 442, 446-448; Rogoff v Long Is. Univ., 208 AD3d 700, 701). Here, as conceded by the defendants, since the plaintiff challenged more than just an administrative determination of the New York City Police Department (hereinafter the NYPD), the plaintiff could have but was not required [*2]to commence this action pursuant to CPLR article 78 (see Koerner v State of N.Y., Pilgrim Psychiatric Ctr., 62 NY2d at 446-448; Rogoff v Long Is. Univ., 208 AD3d at 701).
Nonetheless, since the "NYPD is a department of the City, and not a separate legal entity amenable to being sued" (Brown v City of New York, 192 AD3d 963, 965; see Metwally v City of New York, 215 AD3d 820, 823), the Supreme Court properly determined that the NYPD is not an entity amenable to being sued under the New York City Charter (see NY City Charter § 396; Metwally v City of New York, 215 AD3d at 823).
As to the remaining defendants, on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707).
Both the "NYSHRL and NYCHRL prohibit employment discrimination on the basis of religion" (Reichman v City of New York, 179 AD3d 1115, 1116). "A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Ayers v Bloomberg, L.P., 203 AD3d 872, 874; see Acala v Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., 222 AD3d at 707). "The NYCHRL affords broader protections than the NYSHRL" (Alvarez v New York City Tr. Auth., 230 AD3d 541, 542; see Brouillard v Sunrun, Inc., 219 AD3d 560, 562). "Under the NYCHRL, the plaintiff must establish that she or he was subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic" (Ayers v Bloomberg, L.P., 203 AD3d at 874; see Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707). Additionally, the NYCHRL makes it "an unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation," including for, among other possibilities, "religious needs" (Administrative Code § 8-107[28][a][1]; see Matter of Smith v New York City Fire Dept., 239 AD3d 870).
Here, the complaint's conclusory assertions that the defendants discriminated against the plaintiff based on religion were unsupported by sufficient factual allegations to state a cause of action under either the NYCHRL or the NYSHRL (see Shahid v City of New York, 231 AD3d 888, 888; Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 707-708). Since the plaintiff failed to state a cause of action for discrimination, no cause of action lies for aiding and abetting violations of the NYCHRL or the NYSHRL (see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d 756, 758-759). Additionally, the complaint failed to sufficiently allege that the NYCHRL "required a more robust or individualized dialogue than the process he received" (Matter of Marsteller v City of New York, 217 AD3d 543, 545; see Matter of Smith v New York City Fire Dept., 239 AD3d 870). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the causes of action alleging violations of the NYSHRL and the NYCHRL and for aiding and abetting violations of those statutes insofar as asserted against them.
Since the vaccine mandate was rescinded in February 2023, the cause of action seeking certain declaratory relief regarding the defendants' "policy and practice" with respect to "religious accommodations to [the defendants'] vaccine policies," is academic. The exception to the mootness doctrine is inapplicable here (see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774; see Matter of New York City Mun. Labor Comm. v Adams, 222 AD3d 437, 438). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action seeking certain declaratory relief insofar as asserted against them.
The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging a violation of the Free Exercise Clause of the New York Constitution insofar as asserted against them. Here, the plaintiff has no private right of action to [*3]recover damages for violations of the New York State Constitution, since the alleged wrongs could be redressed by alternative remedies, including those pursued under the NYCHRL and the NYSHRL in this action (see Martinez v City of Schenectady, 97 NY2d 78, 83; Berrio v City of New York, 212 AD3d 569, 569-570).
The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the causes of action for intentional infliction of emotional distress and "intentional tort of forcing unwanted medical care on [the] plaintiff" insofar as asserted against them. "A timely notice of claim is a condition precedent to maintaining an action against the City of New York" (Neuman v City of New York, 186 AD3d 1523, 1527; see Mitchell v Jimenez, 233 AD3d 773, 774). "A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (Mitchell v Jimenez, 233 AD3d at 774 [internal quotation marks omitted]). "Failure to comply with a statutory notice of claim requirement is a ground for dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action" (Parpounas v Ohagan, 216 AD3d 985, 986). Here, the notice of claim failed to include any allegations relating to these causes of action (see Mitchell v Jimenez, 233 AD3d at 774-775; Parpounas v Ohagan, 216 AD3d at 986).
In his main brief, the plaintiff did not raise an issue regarding the denial of his cross-motion for leave to amend the complaint. The issue was raised for the first time in the plaintiff's reply brief. "Thus, the plaintiff abandoned whatever argument he may have had with respect to the Supreme Court's denial of his" cross-motion for leave amend the complaint (Shaw v Bluepers Family Billiards, 94 AD3d 858, 860).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court